## LAKE SHORE & MICHIGAN SOUTHERN RAILWAY COMPANY v. GEORGE F. BANGS.

*Railway passengers—Negligence—Jumping from train.*

It is negligence for a passenger to leap from a moving train for the mere purpose of getting off at a station where the train should stop, but does not do so, even though he takes that course in order to save others distress on account of his absence.

It is not necessarily negligence to take a choice of risks or to do, without freedom of choice, an act involving danger; but it is negligence to risk life or limb merely to escape inconvenience or mental vexation.

One cannot recover damages for a personal injury to which he contributed by his own negligence.

Error to Lenawee.   Submitted Jan. 5–6.   Decided Jan. 18.

*Weaver & Weaver, Oscar G. Getzen-Danner* and *Ashley Pond* for plaintiff in error.   Evidence that passengers have been accustomed to jump from a moving train at a certain point is inadmissible to show that it was not negligence to do it:   *Penn. R. R. v. Zebe* 37 Penn. St. 420; it is negligence to leap from a moving train even though one supposes it will not stop at his destination:   *Railroad Co. v. Aspell* 23 Penn. St. 147; *Chic. & Alt. R. R. v. Randolph* 53 Ill. 510; *C. B. & Q. R. R. v. Hazzard* 26 Ill. 373; *Ill. Cent. R. R. v. Able* 59 Ill. 131; *Dougherty v. C. B. & Q. R. R.* 86 Ill. 467; *Damont v. N. O. R. R.* 9 La. Ann. 441; *Knight v. P. R. R.* 23 La. Ann. 462; *Hubener v. N. O. & C. R. R.* id. 492; *Gavett v. M. & L. R. R.* 16 Gray 501; *Butterfield v. West. R. R. Corp.* 10 Allen 534; *P. C. & St. L. Ry. v. Krouse* 30 Ohio St. 223; *Jeffersonville R. R. v. Hendricks* 26 Ind. 232; *J. R. R. v. Swift* 26 Ind. 459; *E. & C. R. R. v. Duncan* 28 Ind. 442; *Nelson v. A. & P. R. R.* 68 Mo. 593; *Doss v. M. K. & T. R. R.* 59 Mo. 37; *Fernandes v. Sacramento City R. R.* 52 Cal. 45; *Flemming v. W. P. R. R.* 49 Cal. 253; *Deville v. S. P. R. R.* 50 Cal. 383; *Morrison v. Erie Ry.* 56 N. Y. 302; *Phillips v. Rens. & Sar. R. R.* 49 N. Y. 177; *Central R. R. v. Moore* 4 Zab. 824; *Aycrigg v. N. Y. & E. R. R.* 1 Vroom 460; *Harper v. Erie R. R.* 3 Vroom 88; *Penn. R. R. v. Matthews* 7 Vroom 531; *Del. Lack. & Western R. R. v. Toffey* 9 Vroom 525; *D. L. & W. R. R. v. Salmon* 10 Vroom 300; *Penn. R. R. v. Righter* 42 N. J. 180; *Smith v. Minneapolis & St. L. Ry.* 26 Minn. 419; *Donaldson v. M. & St. P. R. R.* 21 Minn. 293; *Brown v. M. & St. P. R. R.* 22 Minn. 165; a passenger is negligent if he incurs needless risks: *Hickey v. Bost. & L. R. R.* 14 Allen 429; *Todd v. Old Colony R. R.* 7 Allen 207; *Warren v. Fitchburg R. R.* 8 Allen 230; *Lucas v. N. B. & T. R. R.* 6 Gray 64; one must take such care of himself as reasonable, as contributing negligence will defeat the right of recovery: *McAunich v. M. & M. R. Co.* 20 Ia. 338; *Artz v. C. R. I. & P. R.*

*Co.* 34 Ia. 153; *Lang v. Holiday Creek Ry.* 42 Ia. 677; *Murphy v. C. R. I. & P. Ry.* 45 Ia. 664; *Phil. & Read. R. R. v. Schertle* 97 Penn. St. 450; *Howard Exp. Co. v. Wile* 64 Penn. St. 201; *Hoag v. Railroad* 85 Penn. St. 293; *Penn. R. R. v. Fries* 87 Penn. St. 234: 21 Alb. L. Jour. 124; *Com. v. Bost. & Me. R. R.* 3 Cush. 25; *Harvey v. Eastern R. R.* 116 Mass. 269; *Chic. & Northwestern Ry. v. Scates* 90 Ill. 586; *L. S. & M. S. R. R. v. Hart* 87 Ill. 529; *Railroad Company v. Houston* 95 U. S. 697; *Steffen v. Chic. & Northwestern Ry.* 46 Wis. 259; *Goldstein v. C. M. & St. P. R. R.* 46 Wis. 404; *Kelly v. Hendrie* 26 Mich. 255; *Mich. Cent. R. R. v. Campau* 35 Mich. 468; *Mich. Cent. R. R. v. Austin* 40 Mich. 247; *Mich. Cent. R. R. v. Coleman* 28 Mich. 440; *Downey v. Hendrie* 46 Mich. 498.

*Stacy & Underwood* and *Smith & Sessions* for defendant in error. One who leaps in sudden fright or anxiety from a train in alarm or surprise at its mismanagement is not chargeable with negligence: *Filer v. N. Y. Central R. R.* 49 N. Y. 47; *Twomley v. Railroad Co.* 69 N. Y. 158; *Buel v. N. Y. Cent. R. R.* 31 N. Y. 314; *Sears v. Dennis* 105 Mass. 310; Whart. Neg. §§ 93, 304, 377; railroad companies are bound to run their trains in the usual and customary manner: *Ernst v. Hudson River R. R.* 39 N. Y. 61; they must not mislead the public by their announcements: *Flint & P. M. Ry. v. Stark* 38 Mich. 719; the mere fact that a passenger might have been more careful will not excuse gross negligence in the company whereby he is hurt: *Fero v. Buff. & State Line R. R.* 22 N. Y. 213; if the company has promised to stop at a particular point a passenger is warranted in preparing to get off there: *Treat v. Bost. & Lowell R. R.* 131 Mass. 371; see *Chic. & N. E. R. R. v. Miller* 46 Mich. 532.

CAMPBELL, J. Bangs recovered judgment for injuries from a railway accident suffered in October, 1880, at Tecumseh. He had taken a ticket to Adrian and back on a train which was not a regular one, but used on that occasion for an excursion to attend a political meeting. The train

left Clinton during the day taking on plaintiff at Tecumseh, and returned from Adrian between 11 and 12 o'clock at night. The train stopped at the crossing of the principal street, about a quarter of a mile south from the station, where a large number of passengers got off. It then started again and passed the station without stopping, and without any notice to passengers. Bangs supposing it would stop got up and went upon the platform in front of his car which was the second car counting from the rear end of the train, and discovered that the train was passing the station and would not stop there. He got down on the lower step on the side away from the station and after going on a short distance jumped off, and was thrown down so that his right foot was crushed, and he was otherwise badly hurt, so as to require the amputation of his right leg in addition to other injuries of a grave character.

His explanation of the transaction was that he was confused by discovering the failure of the train to stop, and that he supposed the train was not running more than six miles an hour, because that was its allowed rate through the village. He supposed he could jump safely. The night was not moonlight nor very clear, but he knew the ground, and the place where he jumped was a level place between two tracks, which were about eight feet apart.

The chief defense was contributory negligence, although exception was taken to some rulings concerning the negligence of the railroad.

There is no dispute about the cause of the injury. It was caused by Bangs jumping from the morning train, which was moving at six miles or upwards per hour. Bangs not only contributed to it but was an active cause of it, and the question is whether his action was negligent, or whether it was justifiable as not negligent.

If there can be any doubt concerning the negligent character of such conduct, he was entitled to go to the jury upon it. He claims that persons frequently with impunity get on and off from cars in that way while under motion, and that the failure to stop at the station, and his anxiety about

the feelings of his mother in case of his failure to reach home, disturbed him and led to hasty action.

We have reluctantly felt ourselves compelled to hold that in our judgment such conduct is beyond any question negligence, and that the jury should have been so instructed. The fact that many persons take the risk of leaving cars in motion does not make them any the less risks which they have no right to lay at the door of the railroad companies. No company can use effectively coercive powers to keep passengers from doing such things. All persons of sound mind must be held responsible for knowledge of the usual risks of such traveling. Every one is supposed to know that a fall beside a moving train is very likely to bring some part of the body or limbs in danger of being crushed. Every one is supposed to know that in jumping from a vehicle running six miles an hour or much less, he stands a good many chances of falling or being unable to fully control his movements, and that falling near a train is always dangerous. No doubt every one who tries such an experiment persuades himself that he will escape, but it is impossible to suppose any one of common sense does not know that there is danger.

It is true that there are circumstances where it is not negligence to take a choice of risks or where an act is done without freedom of choice. But the common sense of mankind teaches us that no one has a right to risk life or limb merely to avoid inconvenience. Upon the facts in this case no one can doubt that the railway agents were wrong in not stopping at the station. If put to any inconvenience by being carried further, Bangs had a legal remedy for it. No doubt the vexation and anxiety would lead to some trouble of mind, but they cannot be held sufficient to justify running into bodily danger.

If it was negligent to do as Bangs did, the rule of the law deprives him of any redress, because there is here no doubt that it was the immediate occasion of the mischief. The case is a very hard one, and he probably did what some others might have done in his place. But the courts cannot

allow hard cases to change the rules that they are compelled to administer. And we cannot see any possible ground for exempting this case from the rule which makes a plaintiff's negligent contribution to his own injury a defense to an action for damages.

The judgment must be reversed with costs and a new trial granted.

GRAVES, C. J. and MARSTON, J. concurred.

COOLEY, J. did not sit in this case, having once tried the case, as special judge, in the lower court.