## J. A. BARDWELL v. MOBILE AND OHIO R. R. Co.

RAILROAD COMPANY. *Action against. Negligence in jumping from train. Advice of conductor.*

B., being a passenger on a railroad train, and having paid his fare between two stations, requested the conductor to stop for him to get off at an intermediate crossing, which was not a station. The conductor declined to stop the train, as requested, but agreed that he would slacken its pace so that B. might jump off. When the train reached the crossing the conductor directed B. how and when to jump. B. followed his directions, fell, and was injured. It was on a dark night, and the train was running at from six to twelve miles an hour. B. sued the railroad · company for damages. It was proven that he was a man of intelligence, and he admitted that he knew his jump was dangerous. The court instructed the jury to find for the defendant. *Held,* that the instruction was proper. It was the duty of the plaintiff to exercise his own judgment and discretion as a prudent and reasonable man, and the advice of the conductor furnished no legal excuse for his failure so to do.

APPEAL from the Circuit Court of Oktibbeha County.

HON. W. M. ROGERS, Judge.

James A. Bardwell brought this action against the Mobile and Ohio Railroad Company to recover damages for personal injuries suffered by him. It appears that in June, 1883, the plaintiff took passage on the defendant's train at Artesia, and paid his fare to the A. & M. College. Before boarding the train plaintiff requested the conductor to promise to stop the train and put him off at Bardwell's Crossing, where formerly the train had sometimes stopped to put off passengers, but which was not a regular station or stopping place. The conductor refused to do so, because, as he says, he had received instructions not to stop at that point, but agreed that he would cause the train to slacken its pace, so that plaintiff might jump off. When the train approached the crossing the conductor called the plaintiff, told him how, and gave him the signal when, to jump. Plaintiff did jump as directed, but fell and was seriously injured. The night was dark and the train was running at from six to twelve miles per hour. It was shown that plaintiff was a man of intelligence, and knew that it was dangerous to jump from a moving train. The court instructed the jury as follows : " The testimony shows that plaintiff was guilty of

contributory negligence in causing his own injury, and the court instructs you to find a verdict for the defendant." The plaintiff appealed.

*Fred Beall,* for the appellant.

1. Unless the proof was so entirely clear and free from all doubt and conflict as to whose fault occasioned the injury, the question should have been left to the jury. Shearm. & Red. on Neg., 5th ed., § 43 and note thereto ; 2 Redfield on Law Railways, page 231, § 11 ; *McIntyre* v. *N. Y. Central R. R. Co.,* 37 N. Y. 287 and 288 ; *Nichols* v. *Sixth Avenue R. R. Co.,* 38 N. Y. 131 ; *T. & P. Ry. Co.* v. *Murphy,* 26 Am. Rep. 272 ; *M. & C. R. R. Co.* v. *Whitfield,* 44 Miss. 466 ; *Schum* v. *Penna. R. R. Co.,* 107 Penna. St. 8 ; also reported in 52 Am. Rep. 468.

2. If Bardwell jumped from the cars under the direction of the conductor, and under such circumstances as an *ordinarily* prudent man would have jumped, and he was injured, he was entitled to recover. *Lambeth, Admin.,* v. *N. C. R. R. Co.,* 8 Am. Rep. 508 ; *Georgia R. R. & Bkg. Co.* v. *McCurdy,* 12 Am. Rep. 577 ; *St. Louis & I. M. & S. R. R. Co.* v. *Cantrell,* 40 Am. Rep. 105 ; *Kerwhacker* v. *C., C. & C. R. R. Co.,* 3 Ohio State 172, 191 ; 2 Redfield on Railways 236, § 23 and note 6, on pages 240 and 241 ; *V. & M. R. R. Co.* v. *McGowan,* 62 Miss. 682 ; *Memphis & Little Rock R. R. Co.* v. *Springfellow,* 51 Am. Rep. 598 and notes.

" Ordinary care " means that degree of care which may reasonably be expected from a person in the plaintiff's situation, and on a sudden a man may not be sufficiently self-possessed to know in what way to decide or act, and in such cases the wrongdoer is the party who is to be answerable for the mischief, though it might have been prevented by the injured party acting differently. *Kerwhacker* v. *C., C. & C. R. R. Co.,* 3 Ohio State 191, *supra ; Warner* v. *Fitchburg R. R. Co.,* 8 Allen 227, 230.

*Fred Beall* also made an oral argument.

*E. L. Russell,* for the appellee.

There is no dispute about the cause of Bardwell's injury. It was caused by his leaping from a moving train, which, according to his own testimony, was running at not less than six miles an

hour, and probably more. The reasoning of the decision in 47 Mich. 470, applies with all its force to the case before the court.

We refer the court to the following cases : *Jewell* v. *Chicago, St. Paul and Minneapolis R. R. Co.*, 54 Wis. 610, or 41 Am. Rep. 63 ; *Garrett* v. *R. R. Co.*, 16 Gray 501; *Secor* v. *R. R. Co.*, 10 Fed. Rep. 15; *Davis* v. *R. R. Co.*, 18 Wis. 175.

Counsel for the appellant insists that the Mobile and Ohio Railroad Company is liable in this instance, because the conductor called to Bardwell and stated to him that the train was then moving slower than it would at any other time, and it was at or near Bardwell's Crossing, and directed him how to leap from the train ; and in support of this position rely upon the case of the *St. L., I. M. and So. R. R. Co.* v. *Cantrell*, 37 Ark. 519, or 41 Am. Rep. 105, and *Filer* v. *New York Cent. R. R. Co.*, 49 N. Y. 47, or 10 Am. Rep. 327. Upon an examination of the facts in both these cases, we find that there is no similarity whatever to the facts in the case of Bardwell against the Mobile and Ohio Railroad Company.

In order to test the correctness of the action of the learned judge who instructed the jury to return a verdict for the defendant, we will suppose that the plaintiff had set forth in his declaration the facts as they appear in his testimony. Would not the court have sustained a demurrer to the declaration, as in the case of *Sevier* v. *Vicksburg R. R. Co.?* We answer, most assuredly. Then if his declaration had embodied the facts as they appear in his testimony, and the court had been correct in sustaining a demurrer thereto, then the court certainly did not commit any error in instructing the jury to find for the defendant.

*E. L. Russell* also argued the case orally.

*Frank Johnston*, on the same side.

The facts in the case and all the *fair* and *logical* inferences that can properly be made from the evidence show a case of contributory negligence on the part of the plaintiff.

Upon such state of facts, as matter of law, the plaintiff was not entitled to a recovery.

*Therefore*, upon this state of case it was proper for the court to

apply the law at the conclusion of the evidence, without going through the form of submitting the case to the jury.

ARNOLD, J., delivered the opinion of the court:

On the issues joined the merits of the controversy were fully developed, and it is unnecessary to consider the errors assigned in reference to the action of the court as to the pleadings.

The undisputed facts show that appellant had no cause of action against appellee. A verdict in his favor would have been so clearly contrary to the law and the evidence that it should have been set aside, and it was not error for the court to instruct the jury to find for appellee.

Appellant paid fare from Artesia to the Agricultural and Mechanical College, but for some purpose of his own he wished to leave the train at Bardwell's Crossing, an intermediate point, and not a regular station or stopping place. He admits that the conductor told him at Artesia that he would not stop the train at Bardwell's Crossing and that he acted voluntarily in jumping from the train, and that he knew it was dangerous to jump from a moving train. For a sane man, for his own convenience, to leap voluntarily in the dark from a railroad train running at the rate of from six to twelve miles an hour is an act of such gross and reckless imprudence as to debar him from recovering damages for injuries thereby sustained. It has always been, and will, probably, always be the law, that one cannot compel another to indemnify him for loss or injury which, by his own rashness or folly, he has brought upon himself.

And it makes no difference that the conductor advised appellant that it was safe to jump from the train, and directed him when and how to jump. The opinion and direction of the conductor constituted no legal excuse or justification for the exposure of life or limb to such peril. Appellant might as well have obeyed a suggestion from the conductor to ride on the cow-catcher, or place himself on the truck before the advancing wheels of the locomotive. No matter what the conductor thought or said as to the safety of the venture, appellant was bound to exercise his own

judgment, and act as a reasonable and prudent man. He failed to do this, and he must bear the consequences. He cannot visit them upon another. *Chicago, etc., R. R. Co.* v. *Randolph*, 53 Ill. 510; *R. R. Co.* v. *Jones*, 85 U. S. 439; *Dowell* v. *V. & M. R. R. Co.*, 61 Miss. 519; *R. R. Co.* v. *Aspell*, 23 Pa. St. 147; *Lake Shore, etc., R. R. Co.* v. *Bangs*, 47 Mich. 470.

*Affirmed.*