SHORKEY *v.* GREAT ATLANTIC & PACIFIC TEA CO.

1. NEGLIGENCE—STOREKEEPER NOT INSURER OF CUSTOMERS' SAFETY—
   REASONABLY SAFE PREMISES REQUIRED.
   Storekeeper is not insurer of safety of customers, but it is his
   duty to use reasonable care to provide reasonably safe place
   for them on his premises.

2. SAME—USE OF HOT-AIR REGISTER—DUTY OF STOREKEEPER.
   Whether storekeeper was negligent in maintaining hot-air reg-
   ister in floor, resulting in injury to woman customer from fall
   when heel of her shoe went through hole in register, *held*, to
   depend on whether register was so constructed and placed that
   reasonably careful person would have anticipated that injury
   to customers would be liable to result.

3. SAME—USE OF STANDARD MAKE REGISTER.
   That hot-air register was of standard construction, in regard to
   holes in it, and of kind in common use in public places, while
   not absolute defense in action for negligence in its use, *held*,
   evidence that ordinarily prudent person would not have deemed
   it dangerous.

4. SAME—USE BY LARGE NUMBER WITHOUT PREVIOUS ACCIDENT.
   That large number of women had walked over said register and
   over similar registers used elsewhere without similar accident
   happening, *held*, evidence that danger need not be appre-
   hended from its use by defendant.

5. SAME—THEORY UPON WHICH STOREKEEPER WOULD BE LIABLE.
   In action against storekeeper for injuries received by woman
   customer when heel of shoe went through hole in hot-air reg-
   ister, causing her to fall, defendant's negligence must be
   predicated upon theory that it was bound to know size of holes
   in register, size of heels of shoes customarily worn by many
   of its customers, and, as reasonably prudent person, should
   have anticipated that kind of accident which occurred to
   plaintiff was likely to happen to customers using reasonable
   care for their own safety.

On high-heeled shoes as affecting contributory negligence, see
annotation in 2 A. L. R. 1049; 13 A. L. R. 76.

6. SAME—CUSTOMER MUST USE REASONABLE CARE—MAKE OBSERVA-
TION.

Woman customer, who was injured by fall when heel of her shoe
went through hole in hot-air register, *held*, chargeable with
knowledge of size of her heels and size of holes in hot-air
register in common use, and to make reasonable observation
about her.

7. SAME—CONTRIBUTORY NEGLIGENCE.

Woman customer, injured by fall when heel of her shoe went
through hole in hot-air register, *held*, guilty of negligence,
barring right to recover for injuries, even if defendant was
negligent in use of said register.

Appeal from Bay; Houghton (Samuel G.), J.
Submitted April 19, 1932. (Docket No. 145, Calen-
dar No. 36,432.) Decided June 23, 1932.

Case by Margaret Shorkey against the Great At-
lantic & Pacific Tea Company, a New Jersey cor-
poration, for damages alleged to be due to defective
condition of defendant's premises. Verdict and
judgment for plaintiff. Defendant appeals. Re-
versed, and judgment *non obstante veredicto* ordered
entered for defendant.

*Collins & Thompson,* for plaintiff.

*Clark & Henry (Charles R. Fox,* of counsel), for
defendant.

FEAD, J. Plaintiff, while a customer in defend-
ant's store and following the manager to the rear
of the store to be shown some goods, stepped on a
hot-air register located near a counter about the cen-
ter of the store. The heel of her shoe went through
a hole in the register and she was thrown and in-
jured. She had verdict of a jury and judgment for
damages. Defendant asks judgment *non obstante*

for lack of negligence on the part of defendant and for contributory negligence of plaintiff.

Plaintiff's heels were high and about three-quarter inch by one inch across the bottom. She had worn similar shoes for nine years and they were in common use by a great many women. She had been in defendant's store nearly every day for a year and knew the location of the register. The meshes in the hot-air register were about one inch square, some variations occurring in manufacturing, and, on experiment, it was found that the heels of plaintiff's shoes would go through several but not all of the openings.

The register was of standard construction, so recognized in the heating trade, and of size and character commonly used in floors of stores and buildings frequented by the public. Defendant was lessee of the store, had maintained it four years, had served 1,800 or more customers per week, most of whom were women and most of whom had walked on the register, and there had been no prior accident. It was not shown there had been any accident anywhere on similar registers.

Counsel agree upon the rule that a storekeeper is not an insurer of safety of his customers but that it is his duty to use reasonable care to provide a reasonably safe place for them on his premises.

The cases on the rule have been annotated exhaustively in 58 A. L. R. 136; 46 A. L. R. 1111; 43 A. L. R. 868; 33 A. L. R. 181; L. R. A. 1915F, 572; 21 L. R. A. (N. S.) 456, and, seemingly, cover nearly every conceivable state of facts except the one before us.

The register was not out of repair nor in an unusual condition. So, the question of defendant's negligence depends upon whether the register was so constructed and placed that a reasonably careful

person would have anticipated that injury to customers would be liable to result from its use in the floor.

The fact that the register was of standard construction, of a kind in common use in public places, while not an absolute defense (*Hill Grocery Co.* v. *Hameker,* 18 Ala. App. 84 [89 South. 850]), is evidence that an ordinarily prudent person would not have deemed it dangerous. *Steggall* v. *W. T. Knapp & Co.,* 241 Mich. 260; 45 C. J. p. 1241. The further fact that a multitude of women customers had walked over the register during defendant's occupancy of the store without accident and the lack of similar accident elsewhere are added evidence that danger need not be apprehended from it. *Mullen* v. *Sensenbrenner Mercantile Co.* (Mo.), 260 S. W. 982 (33 A. L. R. 176).

Defendant's negligence must be predicated upon the theory that it was bound to know the size of the holes in the register, the size of heels of shoes customarily worn by many of its customers, and, as a reasonably prudent person, should have anticipated that the kind of accident which occurred to plaintiff was likely to happen to customers using reasonable care for their own safety.

By the same token, plaintiff, as a reasonably prudent person, would be chargeable with knowledge of the size of her heels and the size of the holes in so common a thing as a hot-air register, of whose existence and location she knew, at least to the extent of apprehending that the heels might go through the holes. In addition, plaintiff had the duty to make reasonable observation about her. *Rice* v. *Goodspeed Real Estate Co.,* 254 Mich. 49. Her attention was not distracted. Ordinary care would have dis-

closed to her the necessity of special caution in stepping with small heels on a register full of holes.

Some of my Brethren think that defendant was not guilty of negligence to its customers in maintaining the register. Without deciding that issue, we agree that, under the circumstances here, if defendant was negligent, plaintiff also was negligent and cannot recover.

Judgment reversed, and cause remanded for entry of judgment *non obstante* for defendant, with costs.

CLARK, C. J., and McDONALD, POTTER, SHARPE, NORTH, WIEST, and BUTZEL, JJ., concurred.