BURCHARD v. OTIS ELEVATOR CO.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—EMPLOYER'S RIGHT TO RECOVER FROM WRONGDOER.

In action by employer against alleged wrongdoer to recover money paid as compensation for death of employee, no recovery may be had if said employee was guilty of such contributory negligence as would have barred recovery in action brought by him or his representatives.

2. APPEAL AND ERROR—REVIEW OF NONJURY CASES—COURT RULES.

Under Court Rule No. 75 (1931), on review of nonjury law case, Supreme Court is not bound by findings or lack thereof of trial court, but record as whole is considered, and determination made of such questions raised by appeal as are necessary to decision.

3. MASTER AND SERVANT—CONTRIBUTORY NEGLIGENCE—RIGHT OF EMPLOYER TO RECOVER COMPENSATION PAID.

In action by employer against alleged wrongdoer to recover money paid as compensation for death of employee, no recovery may be had where record clearly shows that said employee was guilty of contributory negligence.

Appeal from Wayne; Gilbert (Parm C.), J., presiding. Submitted November 1, 1932. (Docket No. 96, Calendar No. 36,570.) Decided January 3, 1933.

Case by Seneca B. Burchard, doing business as Jamestown Metal Products Company, for the use and benefit of Fidelity & Casualty Company of New York, a New York corporation, against Otis Elevator Company, an Illinois corporation, and others to recover sums paid under the workmen's compensation act for the death of plaintiff's employee alleged to have been due to the negligence of defendants. Judgment for defendants. Plaintiff appeals. Affirmed.

*Bishop & Weaver,* for plaintiff.

*Angell, Turner, Dyer & Meek,* for defendant Otis Elevator Company.

*Lightner, Hanley, Crawford & Dodd,* for defendant Crowell & Little Construction Company.

*Howard McDermott,* for defendant Graham & Norton Company.

NORTH, J. Gustos Edlund, while in plaintiff's employ, came to his death through an accident which occurred incident to his employment. Plaintiff through an insurer has paid compensation awarded to Edlund's widow. This suit is brought by plaintiff in behalf of the insurer under 2 Comp. Laws 1929, § 8454, to recover from defendants the amount of compensation so paid. Recovery is sought on the ground that Edlund's death was caused by defendants' negligence. Defendants deny the charge that they were negligent, and urge that both plaintiff and Edlund were guilty of negligence which caused or at least contributed as a cause of the fatal accident. Upon hearing the case without a jury, the circuit judge found the defendants guilty of negligence, but he also found plaintiff was guilty of con-

tributory negligence, and for that reason rendered judgment in favor of defendants. Plaintiff has appealed, and asserts: First, that plaintiff was not guilty of contributory negligence; and second, that in an action under this statute (2 Comp. Laws 1929, § 8454) contributory negligence of plaintiff or its foreman is not a bar to recovery.

Defendant Crowell & Little Construction Co. was the general contractor engaged in construction of a commercial building in Detroit. The defendant Otis Elevator Co. had the contract for the installation of the elevators; but a part of this work was sublet to the defendant Graham & Norton Co., and another part to plaintiff. When the accident occurred, work on the elevator had progressed to the point where it was used by the workmen. On the date of the accident plaintiff's employees began work at the third-floor level. Their work, at least in part, had to be done from the inside of the elevator shaft. This necessitated the construction of a platform or scaffolding at the third-floor landing. Under the direction of plaintiff's foreman, Edlund and a fellow workman went to the third floor and by use of materials furnished them for that purpose constructed the scaffold in the elevator shaft. This was done by placing two horizontal sets of timbers, called jacks, across the elevator opening and laying boards or planks on top of these supports for plaintiff's employees to stand on while doing their work. At the time of constructing this scaffolding the elevator was at the fifth-floor level. A part of the elevator equipment consisted of four or five flexible cables, which at one end were attached to the bottom of the elevator near the center and the other end was fastened to the side of the elevator shaft near the seventh floor. By reason of this construction these cables formed a loop which was below the third-floor

level when the elevator was at the fifth floor. In constructing the scaffold used by plaintiff's employees, one of the ''jacks'' was placed through the loop of these cables when it was laid across the elevator shaft. Somewhat later, while Edlund and another of plaintiff's employees were standing on the scaffold, an employee of Graham & Norton Company started the elevator upward. When the elevator was at a point a little above the seventh floor the loop in the cables came in contact with the ''jack'' which had been placed through the loop of the cables in constructing the scaffold, lifted the ''jack'' out of place, and the scaffolding, Edlund, and the other employee fell to the bottom of the elevator shaft. The two workmen were killed.

There is conflict in the testimony relating to negligence and contributory negligence. Plaintiff's foreman, Girard, testified that he was assured by the foreman who had charge of the work of one of the other defendants that the elevator would be placed at the fifth floor and the electric current turned off so that the elevator could not be operated. This testimony is at variance with that of Spangler, with whom plaintiff's foreman claimed the arrangement was made. Spangler testified that the arrangement with Girard was that the elevator should not be operated below the fifth floor; and there is other testimony corroborating that of Spangler.

Defendants claim that they or their employees were not guilty of any negligence which caused or contributed to this accident; and that, on the other hand, both plaintiff's foreman and its deceased employee, Edlund, were guilty of contributory negligence in consequence of the manner in which the support of the scaffolding was placed through the cable loop; and in failing to ascertain the position of the elevator at the time and without being definite-

ly informed as to the use that other employees were making of it; and also that plaintiff's foreman was guilty of negligence in not informing Edlund and his fellow workman of the arrangement with Spangler, *i. e.,* that the elevator would be in use from the fifth floor up.

The trial court did not pass upon defendants' contention that the deceased employee Edlund was guilty of contributory negligence. Instead, decision and judgment in the circuit for defendants were based upon a finding that plaintiff's foreman, Girard, was guilty of contributory negligence, with which plaintiff was chargeable. This brought into the case the interesting and somewhat perplexing question of law as to whether such contributory negligence bars recovery in an action brought under this statutory provision. Appellee, noting that the Michigan workmen's compensation act is largely taken from the English act, cites and relies upon *Cory & Son, Ltd.,* v. *France, Fenwick & Co., Ltd.,* 1 K. B. (1911) 114, and *Canadian Pacific R.* v. *Alberta Clay Products, Ltd.* (Alta.), 8 Butterworths' Comp. Cas., 645. On the contrary, appellant cites and mainly relies upon *City of Grand Rapids* v. *Crocker,* 219 Mich. 178; *Otis Elevator Co.* v. *Miller & Paine,* 153 C. C. A. 302 (240 Fed. 376); *Fidelity & Casualty Co.* v. *Cedar Valley Electric Co.,* 187 Iowa, 1014 (174 N. W. 709); *City of Shreveport* v. *Southwestern Gas & Electric Co.,* 145 La. 679 (82 South. 785). We forego review of these decisions or discussion of the respective contentions of appellant and appellee, because we are of the opinion that final disposition of this case should be based upon the quite conclusively established fact that Edlund was guilty of contributory negligence in this unfortunate accident; and in such event, decision of the question of law noted above is not essential to disposition of the case.

If Edlund or his representative could not have recovered in a suit brought against these defendants, the statute could not invest plaintiff with a right of recovery. This is too clear for argument. Therefore the outcome of this case will be settled if it is established by the proof that Edlund was guilty of such contributory negligence as would have barred recovery in the suit brought by him or by representatives of his estate.

Touching the question of Edlund's contributory negligence, it is undisputed that he and his co-employee constructed the scaffold without any immediate supervision or direction by their foreman, Girard, as to the manner or method of construction. Both Edlund and his co-employee were experienced in this line of work, and we think the conclusion is unescapable that they must have been fully aware of the fact that in erecting the scaffold in this manner they incurred a risk which could have been easily avoided. The crew engaged in work from the fifth floor up was using the elevator. The failure of Edlund and his co-worker to avoid the extra hazard of needlessly placing the "jack" through the loop, even though they were informed that the elevator would be left at the fifth floor with the power cut off, was still an act of negligence.

"To adopt the more dangerous of two known ways of doing a particular thing, because it is more convenient than the safer way, is contributory negligence." *Rohlfs* v. *Township of Fairgrove* (syllabus), 174 Mich. 555.

See, also, *Wight* v. *Railroad Co.*, 161 Mich. 216.

Regardless of whether Edlund or his fellow employee were informed of the arrangement that Girard claims had been made as to the use of the elevator, or whether they had no information whatever, we are constrained to hold that it was negli-

gence on their part to place the "jack" through the loop of the elevator cables. Girard attempted to minimize or possibly entirely obviate this inference. He testified:

"*A.* One of the jacks, the way the scaffolding would have to be fastened would evidently have to be placed right inside of the cables which would form a loop if the car was taken up.

"*Q.* Was there any other practical or possible way to place the scaffolding?

"*A.* No, not under the circumstances.

"*Q.* It was inevitable that the loop suspended underneath the car would pass around some portion of the scaffolding?

"*A.* Yes."

But this testimony cannot be accepted in the face of the otherwise undisputed testimony that it was not at all necessary to place the "jack" through the loop, and that to do so was negligence. Other witnesses, some of them disinterested, testified convincingly to the contrary. John E. Young testified:

"*Q.* Now, what is the practice in the trades, as you learn from your experience, when it is necessary to put these jacks into an elevator shaft, as to whether they should or should not be put through the loop of any cables that may be hanging down from the elevator?

"*A.* They should not be placed in the loop.

"*Q.* Why not?

"*A.* Well, for the simple reason when the elevator ascends it naturally carries the loop up with it and would take anything that was placed through that loop along with it. It is inherently dangerous to do that; yes.

"*Q.* Is there any other way of putting the jacks in there so they would not be through the loops?

"*A*.  They could be placed beside the loop. * * * It would not be any more difficult to place them one way than the other. * * *

"*Q*.  Did you ever see one put through the loop of the cable extending from the elevator?

"*A*.  No, I never have."

We forego quotation of other testimony of like character. We think the conclusion cannot be escaped that Edlund was guilty of negligence which contributed as a cause to the accident resulting in his death.

In the trial court this issue was specifically raised by and urged in behalf of defendants; and it is brought into the hearing in this court by defendants' counterstatement of the questions involved on appeal. Michigan Court Rule No. 75 (1931) reads:

"Upon appeal from a judgment rendered in an action at law tried without a jury, such judgment may be affirmed, reversed, or modified, in whole or in part, and a final judgment shall be entered either by the Supreme Court or by the trial court, according to the practice in equity cases."

Under this rule, on review of a nonjury law case, this court is not bound by the findings or lack of findings of the trial court. Instead, the record as a whole is considered and determination made of such questions raised by the appeal as are necessary to decision. Thus the question of Edlund's contributory negligence is before us on this review; and, as above indicated, we think the record clearly establishes such contributory negligence, and that it bars recovery by plaintiff.

Judgment is affirmed, with costs to appellees.

CLARK, SHARPE, FEAD, and BUTZEL, JJ., concurred with NORTH, J. McDONALD, C. J., and POTTER and WIEST, JJ., concurred in the result.