KONEN *v.* MOOSE LODGE NO. 288.

NEGLIGENCE—EMERGENCY STAIRWAY—LOOSE PAPER ON STEP—EVI-
DENCE.

>    Judgment for defendant building owner, notwithstanding verdict
>    for plaintiff invitee, is affirmed, where latter sustained in-
>    juries as she was about to descend stairway, marked as an
>    emergency exit, and slipped on loose piece of paper on first
>    step down, in the absence of proof that defendant was neg-
>    ligent.

Appeal from Ingham; Hayden (Charles H.), J.
Submitted January 11, 1956. (Docket No. 78, Calen-
dar No. 46,319.) Decided March 5, 1956.

Case by Marguerite Dorothy Konen against Moose
Lodge No. 288, an unincorporated fraternal organ-
ization, for damages for injuries sustained in fall
on stairway designed primarily for emergency exit.
Judgment for defendant notwithstanding verdict.
Plaintiff appeals. Affirmed.

*Sinas, Dramis & Brake* and *James E. Burns (Jud-
son M. Werbelow,* of counsel), for plaintiff.

*Jennings, Fraser, Parsons & Trebilcock (Joe C.
Foster, Jr.,* of counsel), for defendant.

BLACK, J. This negligence case arrives here from
the Ingham circuit. It was tried to a jury, Honorable

---

REFERENCES FOR POINTS IN HEADNOTES
38 Am Jur, Negligence §§ 134, 136.

Charles H. Hayden, circuit judge presiding. Defendant moved for a directed verdict and decision thereof was duly reserved.* The jury found in favor of plaintiff and assessed her damages at the sum of $6,900. Defendant's motion for judgment notwithstanding the verdict of the jury was granted and judgment for defendant was thereupon entered.

Plaintiff's appeal is limited to test of the motion for directed verdict. Therefore, and in order that she may receive the most favorable construction that can possibly be given to the testimony and inferences relied upon by her counsel, we quote and adopt (subject to our own marginal emendations) his statement of facts as follows:

"Plaintiff, at the time of the accident in question was a member of the women's auxiliary of defendant Moose Lodge No. 288. Defendant owned the building wherein plaintiff was injured. This building is located on Grand River avenue in the city of Lansing. The building in question contains a bar or clubroom on the downstairs level and a hall-type room upstairs. There was a stairway at the entrance of the building which led to the upstairs hall and a stairway enclosed within the building which led from the bar to the upstairs hall.

"On September 30, 1951 plaintiff came to this building for certain auxiliary activities. She arrived at about 9 a.m. and waited a few minutes until the building was opened. Plaintiff spent the day engaged in auxiliary activities.

"About 5 in the afternoon a member of her auxiliary asked plaintiff to go downstairs and get an emblem used in a ritual of the auxiliary. Plaintiff protested that the front stairs were blocked by people and was told to use the back stairs. The door to these stairs was open and the sign on the back of the door saying 'Exit, Emergency Use Only' was

---

* See CL 1948, § 691.691 *et seq.* (Stat Ann and Stat Ann 1953 Cum Supp § 27.1461 *et seq.*).—Reporter.

not visible* nor did plaintiff see this sign. Plaintiff did not remember seeing this sign until she returned to the premises a week after she was injured.

"The back stairs were a worn shiny metal type of step. There was no lift, perforation or other device on these steps which might help secure traction between a shoe and the step. The light on these stairs came from a window at the top of the stairs and at the landing and was described as 'shadowy'. On the landing were some beer cases. These stairs were generally dirty. Mr. Jacob Konen testified that 'you would find pieces of paper and dirt and things on the stairway.'† After plaintiff slipped and fell she testifies that there was dirt on her dress and arms where she had fallen.

"When plaintiff used these stairs on September 30, 1951, she picked up her formal and held it in one hand, holding onto the rail with her other hand. When she stepped down on the first step her foot slipped out from under her and she fell, somersaulting to the landing. Plaintiff testified that the step felt slippery and that as her foot slipped, a piece of 'grayish' 'off-shade white' paper shot out from under

---

* The conclusion of counsel, that the sign—"Exit, Emergency Use Only" was on the back of the door and that it was not visible, overstretches the admittedly elastic rule of favorable view. The sign was on the front of the door, directly facing those who approached the door from the upstairs meeting-hall. The door opened outward, from hall to upper stairway double-length landing, and the sign would thus be visible regardless of opened or closed position of the door. Further, the door could open to the extent of 90 degrees only, there being a right-angle partition wall extending from casing of the door at hinged side thereof.

The mentioned door, its casing, the landing, the stairs and the handrails thereof were all made of steel, and the comprehensive photographic reproductions thereof portray a typical fire-exit stairway from a public building in compliance with PA 1941, No 207, as amended, specifically section 20 (CL 1948, § 29.20 [Stat Ann 1952 Rev § 4.559(20)]) and regulations adopted pursuant to section 3 (CL 1948, § 29.3 [Stat Ann 1952 Rev § 4.559(3)]).

† This witness also testified:

"Q. Did you see this stairway at any time just prior to this accident?

"A. No, I didn't. I wasn't down there just prior to the accident.

"Q. Did you see it at any time within the month preceding the accident?

"A. I wouldn't be able to make a sure statement on that."

her foot.  From this fall plaintiff was seriously injured."

The acts of negligence charged against defendant are set up in paragraph 5 of plaintiff's declaration as follows:

"A.  Maintaining and using and allowing to be used a stairway which was manifestly and inherently unsafe when used as a stairway.

"B.  Maintaining and using and allowing to be used as an ordinary stairway an indoor fire escape which was never intended to be used as an ordinary stairway, and which tended to be slippery when used as an ordinary stairway.

"C.  Allowing said stairway to become cluttered with paper and debris and to become slippery and unsafe as a stairway.

"D.  Maintaining, using and allowing said stairway to be used when it was in an unsafe condition as alleged in subparagraph C."

The first question—and in this case it is the only question—is whether the proofs so viewed support the jury's verdict that defendant was actionably negligent, and the issue is thus narrowed to this: Is there evidence or inference in the record on which the jury of right might have concluded that defendant was responsible for presence on the first step of the piece of paper that inferentially slipped under and with her foot on that step?  We say the issue is so narrowed because there is no evidence or inference that she would have slipped without presence of the piece of paper, and there is no evidence or inference absent the piece of paper on which defendant could be held negligent.

There is no proof or inference that the piece of paper was on the stairway for such length of time, prior to plaintiff's fall, as to charge defendant with notice of its presence.  Plaintiff does not even claim that the piece of paper was there during the day

of the social activities as testified, and it is noted that she, with her friends of the auxiliary, was on both floors of the building from early morning until the time of injury at approximately 5 o'clock in the afternoon. Granting difficulty of affirmative proof in such regard, we nevertheless cannot relax requirement that responsibility for allegedly negligent presence of loose objects on floors or stairways, distinguished from the condition of such floors or stairs themselves, must by proof or inference be laid at the door of the defendant charged with such responsibility.

Neither party relies upon or cites authority addressed to the point just outlined. In these circumstances, and in presentation of cases deemed decisive, we will assume but not decide that plaintiff was, on the occasion of her approach to and attempted use of this emergency stairway, an invitee of the defendant.

This case is a factual duplicate of *Whitehead* v. *Erle P. Halliburton, Inc.* (1942), 190 Okla 120 (121 P2d 581). We quote therefrom as follows (pp 121, 122):

"The action was instituted by the plaintiff to recover damages for personal injuries which she had sustained as the result of a fall down a stairway in defendant's place of business. The plaintiff alleged that the defendant was negligent in permitting waste paper to accumulate and remain on a stairway and that this was the proximate cause of her fall and resulting injury.

"The evidence of plaintiff merely established the presence of some strips of waste paper on the stairway. It wholly failed to show how such paper came to be upon said stairway or what length of time it had been thereon. * * * In the absence of evidence that paper had been on the stairway for a sufficient length of time so that in the exercise of ordinary care the defendant would have discovered

and removed it, there was a failure of proof of any primary negligence or breach of duty on the part of the defendant and there was no issue of fact to submit to the jury."

To same effect are *Evans* v. *S. S. Kresge Co.*, 290 Mich 698 (loose piece of fat meat on floor near defendant's lunch counter); *Carpenter* v. *Herpolsheimer's Co.*, 278 Mich 697 (box in middle of aisle of store); *Campbell* v. *F. W. Woolworth & Co.* (CCA 8th, 1941), 117 F2d 152 (tobacco quid on entryway to defendant's store); *Montgomery Ward & Co.* v. *Hansen* (1940), 282 Ky 188 (138 SW2d 357) (wad of gum flattened out and embedded on steps in defendant's store); *State, ex rel. Trading Post Co.*, v. *Shain* (1938), 342 Mo 588 (116 SW2d 99) (vegetable debris on floor of defendant's store); *Wyman* v. *McLellan Stores Co.* (1943), 315 Mass 117 (51 NE2d 969) (peapod on floor of defendant's supermarket); *Newell* v. *William Filene's Sons Co.* (1937), 296 Mass 489 (6 NE2d 820) (orange peeling on stairway in defendant's store); *Relahan* v. *F. W. Woolworth Co.* (1937), 145 Kan 884 (67 P2d 538) (pieces of candy wrappings on stairway of defendant's store); *Miscally* v. *Colonial Stores, Inc.* (1943), 68 Ga App 727 (23 SE2d 860) (loose vegetable leaf in aisle of defendant's grocery store); and *Schmelzel* v. *Kroger Grocery and Baking Co.* (1951), 342 Ill App 501 (96 NE2d 885) (leaf of lettuce in an aisle near one of check-out lanes in defendant's supermarket).

We hold that plaintiff failed to support her charge that defendant was negligent and that the circuit judge was right in entering judgment notwithstanding the jury's verdict.

Affirmed.

SMITH, J., concurred with BLACK, J.

DETHMERS, C. J., and SHARPE, REID, BOYLES, KELLY, and CARR, JJ., concurred in affirmance.