JONES *v.* MICHIGAN RACING ASSOCIATION.

1. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—PUBLIC PLACES.

    One going about in public or semipublic places when possessed of his natural faculties may not escape being charged with negligence if he is heedless of his own safety.

2. SAME—SELF-EXPOSURE TO DANGER.

    One who knows or in the exercise of ordinary care should have known the existence of danger from which injury might reasonably be anticipated and who by his voluntary acts or omissions exposes himself to such danger is guilty of negligence, if under the circumstances an ordinarily prudent person would not have incurred the risk of injury which such conduct involved.

3. SAME—INVITOR'S DUTY TO MAINTAIN REASONABLY SAFE PREMISES.

    A business invitor owes the duty to its customers and patrons to maintain its premises in a reasonably safe condition and of exercising due care to prevent and to obviate the existence of a situation, known to it or that should have been known, that might result in injury.

4. SAME—RACE TRACK—ATTEMPT TO JUMP PUDDLE OF WATER.

    Plaintiff, invitee at defendant's race track, who was as equally aware as defendant of dangerous condition of premises which had arisen by virtue of tickets being thrown upon floor under grandstand on which there were puddles of water about 1/4 inch deep, was guilty of contributory negligence as a matter of law in attempting to jump over a 4-foot puddle of muddy water instead of walking through it to place a bet or staying in dry spot where he was.

REFERENCES FOR POINTS IN HEADNOTES

[1] 38 Am Jur, Negligence § 189.
[1, 2, 4] 38 Am Jur, Negligence § 182.
[3] 38 Am Jur, Negligence § 96 *et seq.*
[4] 38 Am Jur, Negligence §§ 184, 185.

Appeal from Wayne; Toms (Robert M.), J. Submitted April 3, 1956. (Docket No. 13, Calendar No. 46,735.) Decided October 1, 1956.

Case by Joseph Jones against Michigan Racing Association, a Michigan corporation, for injuries sustained in fall on premises. Judgment for defendant *non obstante veredicto*. Plaintiff appeals. Affirmed.

*Carl F. Davidson,* for plaintiff.

*Snider & Feikens* (*John Feikens,* of counsel), for defendant.

Dethmers, C. J. From judgment *non obstante veredicto* for defendant the plaintiff appeals. His suit was for damages resulting from injuries sustained in an accidental fall while a "business invitee" on defendant's premises.

Viewing the testimony in the light most favorable to plaintiff, pertinent facts are: Plaintiff entered upon defendant's race-track property and went to a concrete paved area beneath the grandstand; he stood there for 10 or 20 minutes on a dry place; it was raining, water was blown in through the entrance way and puddles of water formed on the concrete; he decided to leave the dry place and go to a ticket window to get a mutuel ticket and make a bet on a horse; he testified that all the losers had thrown their tickets down, that he saw tickets lying all over the place, that at that time he knew some of them were wet and knew that the puddles and wet tickets on the floor created a dangerous condition; as he proceeded to the ticket window he came to a puddle of muddy water 4 or 5 feet long, 4 or 5 feet wide, and a quarter-inch deep, over which he attempted to jump; he testified that the puddle was about 15 feet from where

he had been standing on a dry spot and that the nearest puddle to the one over which he attempted to jump was probably "8 or 10, or 5 feet" away from it, but that he could not have walked around the one he attempted to jump because there were puddles all over the place; as he came to the puddle in question he took a long leaping step, leaving from his left foot and landing on his right heel in the puddle in which there were some tickets; he threw his right hand up in the air as he jumped and fell on his left arm as his right foot went out from under him; after the fall there were tickets on the heel of his right shoe.

Was plaintiff guilty of contributory negligence as a matter of law?

Plaintiff relies on *Torma* v. *Montgomery Ward & Co.*, 336 Mich 468, in which we held that the question of plaintiff's contributory negligence for failure to notice a thin, transparent coat of ice on the angle-iron edge of defendant's store step, on which she slipped, was a question of fact and not of law. In that case we said (pp 477, 479):

"Her explanation as to her failure to note the condition of the angle bar is not illogical. If, as she claimed, the coating of ice on the bar was thin and transparent, it is a fair assumption that it could not have been seen by her except by rather close scrutiny. Under the circumstances suggested by her testimony it does not clearly appear that a reasonably careful and prudent person would have acted otherwise under the same or like circumstances. * * *

"Any claim that plaintiff was guilty of contributory negligence as a matter of law must rest in large part on the basis of her knowledge of the situation."

Distinguishable are the facts at bar, in which plaintiff, before the accident, saw the muddy puddles and wet tickets all over the floor, recognized or should have recognized that a dangerous condition was

thereby created and, in the face of such knowledge, undertook to leap on one foot across the 4- to 5-foot puddle. In *Elliott* v. *Dahl,* 299 Mich 380, 382, and *Nezworski* v. *Mazanec,* 301 Mich 43, 62, this Court quoted with approval from *Blankertz* v. *Mack & Co.,* 263 Mich 527, 533, the following:

" 'This court is definitely committed to the holding that one going about in public places or semipublic places when possessed of his natural faculties may not escape being charged with negligence if he is heedless of his own safety. If he fails to use the care that an ordinarily careful person would have used in like surroundings, and in consequence sustains injury, he must bear his own misfortune. *Bedell* v. *Berkey,* 76 Mich 435 (15 Am St Rep 370) ; *Shorkey* v. *Great A. & P. Tea Co.,* 259 Mich 450; *Garrett* v. *W. S. Butterfield Theatres, Inc.,* 261 Mich 262; *Boyle* v. *Preketes,* 262 Mich 629; *Grand Rapids Bedding Co.* v. *Grand Rapids Furniture Temple Co.,* 218 Mich 486; *Rice* v. *Goodspeed Real Estate Co.,* 254 Mich 49.' "

In *Rice* v. *Goodspeed Real Estate Co.,* 254 Mich 49, this Court said:

"One who knows or in the exercise of ordinary care should have known the existence of danger from which injury might reasonably be anticipated and who by his voluntary acts or omissions exposes himself to such danger is guilty of negligence, if under the circumstances an ordinarily prudent person would not have incurred the risk of injury which such conduct involved."

Defendant says that as plaintiff stood on the dry spot, before the accident, he had the choice of (1) walking around the puddle in question inasmuch as the next nearest puddle, as he testified, was "8 or 10, or 5 feet" from it (inconsistent therewith, however, but the most favorable to him on this point, is plaintiff's testimony that he could not have walked around

the puddle because there were puddles all over the place) ; or (2) walking through the quarter-inch deep puddle rather than trying to jump over it; or (3) remaining where he was, on a dry spot, rather than going to a ticket window to place a bet. The testimony, construed in the light most favorable to plaintiff, discloses that at least the latter 2 choices, if not the first, were open to plaintiff and that it was or should have been apparent to him at the time that any of them involved less risk than the course actually pursued by him. Defendant urges that it was contributory negligence for plaintiff not to have selected one of these safer courses. Support for that contention is clearly expressed in *Lake Shore & Michigan Southern R. Co.* v. *Bangs,* 47 Mich 470 (4 Am Neg Cas 29) ; *Rohlfs* v. *Township of Fairgrove,* 174 Mich 555; *Burchard* v. *Otis Elevator Co.,* 261 Mich 142.

In *Torma,* this Court said (p 476) :

"As invitor the defendant owed the duty to its customers and patrons, including the plaintiff, of maintaining its premises in a reasonably safe condition and of exercising due care to prevent and to obviate the existence of a situation, known to it or that should have been known, that might result in injury."

Consistent with that rule of law, plaintiff's declaration seeks to plant liability on defendant's part on the theory that defendant was negligent in leaving the muddy puddles and wet tickets on the floor, "although having knowledge" that this condition "constituted a hazard endangering the life and limb of business invitees." The essence, then, of defendant's alleged negligence is that it knew or should have known of the presence of the puddles and wet tickets and that that condition might result in injury to invitees. Plaintiff could have seen and admitted at trial that he did see and, hence, knew of the existence of that condition and that it consti-

tuted a hazard. If it was negligent for defendant to permit the existence of a condition which it knew or should have known was unsafe for walking by invitees, how may plaintiff, who should have been and was equally aware of the condition and danger, escape the charge of contributory negligence as a matter of law in choosing not merely to walk thereon but to leap or jump, when other choices were open to him? In point is *Shorkey* v. *Great A. & P. Tea Co.,* 259 Mich 450. There plaintiff invitee in defendant's store was thrown and injured when she stepped on a hot-air register in the floor and the heel of one of her shoes went through one of the meshes or openings in the register. She had known of the existence and location of the register for some time. The meshes were about one inch square, some variations occurring in manufacturing. The heels of plaintiff's shoes were about 3/4 inch by 1 inch across the bottom and on experiment it was found that they would go through several but not all of the openings. This Court held her guilty of contributory negligence as a matter of law. Expressing the rule as to the duty reposing on an invitor in language not dissimilar from that above quoted from *Torma,* this Court said (p 452):

"Counsel agree upon the rule that a storekeeper is not an insurer of safety of his customers but that it is his duty to use reasonable care to provide a reasonably safe place for them on his premises."

This Court then went on to say (pp 453, 454):

"Defendant's negligence must be predicated upon the theory that it was bound to know the size of the holes in the register, the size of heels of shoes customarily worn by many of its customers, and, as a reasonably prudent person, should have anticipated that the kind of accident which occurred to plaintiff was likely to happen to customers using reasonable care for their own safety.

"By the same token, plaintiff, as a reasonably prudent person, would be chargeable with knowledge of the size of her heels and the size of the holes in so common a thing as a hot-air register, of whose existence and location she knew, at least to the extent of apprehending that the heels might go through the holes. In addition, plaintiff had the duty to make reasonable observation about her. *Rice* v. *Goodspeed Real Estate Co.,* 254 Mich 49. Her attention was not distracted. Ordinary care would have disclosed to her the necessity of special caution in stepping with small heels on a register full of holes. * * *

"We agree that, under the circumstances here, if defendant was negligent, plaintiff also was negligent and cannot recover."

Similarly here, plaintiff is guilty of the same neglect he charges to defendant. If defendant was guilty of negligence in ignoring the existence of a condition of which it knew or should have known and which it should have foreseen would be dangerous to invitees, then plaintiff, who should have seen, as he did, and been aware, as he was, of its existence and have known, as he said he did, that it was dangerous, was equally guilty of contributory negligence for having ignored it and acting, as did plaintiff in *Shorkey,* in disregard of that danger.

Affirmed, with costs to defendant.

Sharpe, Kelly, and Carr, JJ., concurred with Dethmers, C. J.

Boyles, J., concurred in the result.

Black, J. (*concurring in result*). Plaintiff testified: "I don't remember seeing any tickets (betting slips), not until after I got up." The only other witness to the point, sworn for plaintiff, testified: "I did not see tickets on the floor before he (Jones) fell."

On strength of this testimony I hold that plaintiff failed to prove that defendant was actionably negligent and that the issue of contributory negligence is consequently moot. See collection of cases cited in *Konen* v. *Moose Lodge No. 288*, 345 Mich 80. To paraphrase *Whitehead* v. *Erle P. Halliburton, Inc.*, 190 Okla 120 (121 P2d 581), cited in *Konen* aforesaid: In the absence of evidence that the betting slips had been on the deck for a sufficient length of time so that in the exercise of ordinary care the defendant should have discovered and removed such slips, there was a failure of proof of negligence on the part of the defendant and there, hence, was no issue of fact to submit to the jury.

It was the betting slips, made slippery by the collected rainwater, that caused plaintiff to fall. He has shown the all-day presence of puddled rainwater on the deck but failed to show that the slips in question were there, in or near the puddles of water, for such length of time as would bring into play the aforesaid rule of discovery and removal.

In accordance with constitutional mandate (Const 1908, art 7, § 7) the foregoing reasons for dissent, from the decision reached by today's majority, are recorded in this case. I vote to affirm on ground that the first essential of plaintiff's case—proof of actionable negligence—is lacking as a matter of law.

Smith, J., concurred with Black, J.

Edwards, J., took no part in the decision of this case.