BISCEGLIA *v.* CUNNINGHAM DRUG STORES.

NEGLIGENCE—STORE AISLES—TILE FLOOR—MOPPING.
    Finding of trial court that plaintiff customer had failed to
    prove defendant store owner was negligent with respect to
    mopping of tile floor of aisle upon which plaintiff fell *held,*
    not error under evidence presented.

Appeal from Wayne; Culehan (Miles N.), J.   Submitted June 12, 1957.   (Docket No. 55, Calendar No. 46,764.)   Decided October 7, 1957.

Case by Payton Bisceglia against Cunningham Drug Stores, a Michigan corporation, for injuries sustained when he fell on floor which was being mopped.   Directed verdict and judgment for defendant.   Plaintiff appeals.   Affirmed.

*Douglas Leo Paterson* and *Edwin C. Ide,* for plaintiff.

*Crawford, Sweeny, Dodd & Kerr,* for defendants.

KELLY, J. *(for affirmance).*   Plaintiff was injured as he slipped and fell on the floor of defendant's drug store.   At the close of plaintiff's proofs the court granted defendant's motion for a directed verdict because plaintiff had failed to prove defendant was negligent and, also, because plaintiff had failed

REFERENCES FOR POINTS IN HEADNOTES
[1]  38 Am Jur, Negligence § 136.

to prove he was free from contributory negligence. Plaintiff appeals.

Defendant's drug store is located at the southeast corner of Woodward avenue and Congress street, in the city of Detroit, fronting on Woodward and extending approximately 70 feet to the east along Congress. There is an entrance on Woodward avenue and, also, an entrance on Congress street. A lunch counter extended along the north wall, running from the Woodward avenue entrance to the Congress street entrance. Counter and display racks were placed in the center of the store and an aisle extended from the front to the back on both the north and south sides of the store.

Shortly after 8:30 a.m. on July 1, 1952, plaintiff entered the store through the Woodward avenue entrance and proceeded by way of the south aisle to the rear of the store; made a purchase at the drug counter, and then proceeded down the north aisle to exit through the same door by which he entered.

Plaintiff testified that as he neared the front door he noticed a porter mopping the floor, with a bucket in the center of the aisle; that noticing same he paused momentarily and then stepped over the bucket. His testimony as to the events that followed is:

"*Q.* What did you do then?

"*A.* Took another step, very small.

"*Q.* You are indicating about a 6-inch step; is that what you did?

"*A.* Yes, probably. Then I saw an awful lot of water on the floor.

"*Q.* At this point now you are about a foot and a half from the bucket and you are about a foot and a half from the porter, is that right?

"*A.* Yes.

"*Q.* Now where did you see this water?

"*A.* The part of the area almost to the fountain and the porter was very wet, sloppy.

"*Q.* In other words, the area immediately in front of you then was very wet, it was an area of sloppy water?

"*A.* Yes, and on a tile floor.

"*Q.* And you saw that?

"*A.* Yes.

"*Q.* Then what did you do?

"*A.* Then I took—I felt I only had a few feet to go to the door, and I had taken my third or fourth step, and my left foot come from under me, and that was the last thing I remember until I came to in the Receiving Hospital.

"*Q.* In other words, when you took that fourth step, that was a step into the water that you saw?

"*A.* That was.

"*Q.* Is that correct?

"*A.* Yes, sir.  Of course, I was only a few feet from the entrance to the door."

Plaintiff does not claim, or prove, that defendant used an unusual or improper method of mopping the floor, or that the porter's action in handling the mop in any way caused plaintiff's injuries, or that a soap, or slippery substance of such a nature, was used to create an unusual or unexpected hazard.

There is no merit to plaintiff's claim that defendant should have mopped the floor before the store opened. Plaintiff's claim that defendant should have placed a sign or warning that the floor was being mopped is answered by plaintiff's testimony that he was well aware of that fact.

The lower court did not err in holding that plaintiff failed to prove defendant was negligent.

The only comment necessary in regard to the question of contributory negligence is to direct attention to *Jones* v. *Michigan Racing Association,* 346 Mich 648, 654, wherein it was held:

"Similarly here, plaintiff is guilty of the same neglect he charges to defendant. If defendant was guilty of negligence in ignoring the existence of a condition of which it knew or should have known and which it should have foreseen would be dangerous to invitees, then plaintiff, who should have seen, as he did, and been aware, as he was, of its existence and have known, as he said he did, that it was dangerous, was equally guilty of contributory negligence for having ignored it and acting, as did plaintiff in *Shorkey* (*Shorkey* v. *Great Atlantic & Pacific Tea Co.*, 259 Mich 450), in disregard of that danger."

Judgment affirmed.

DETHMERS, C. J., and SHARPE and CARR, JJ., concurred with KELLY, J.

BLACK, J. (*concurring*). Plaintiff charged the defendant with negligence, alleging duty and breach this way:

"(a) That defendant owed the duty to provide for plaintiff, adequate aisle space on the northerly side of its store back of its lunch-counter patrons;

"(b) It owed the duty not to block the passageway with a center display counter;

"(c) To refrain from attempting to close off either aisle during the busy breakfast hour, which was then in progress;

"(d) To refrain from mopping the aisles during the busy breakfast hour;

"(e) To refrain from wetting the floor with mop water at that time;

"(f) To refrain from ineffectually barricading said northerly aisle;

"(g) It owed the duty to display a sign at eye level, warning plaintiff and lunch-counter guests and other patrons of unexpected danger, to-wit: a slippery floor;

"(h) It owed the duty to rope off said passageway under such circumstances in order to make the premises reasonable safe for invitees such as plaintiff."

Viewing the record favorably to plaintiff as required in cases like this, we find no proof tending to support these allegations of duty and breach. Further, no facts were established by proof from which negligence—alleged in any above respect—might be inferred according to the rule of *Carver* v. *Detroit & Saline Plank Road Co.*, 61 Mich 584 (followed in *Kaminski* v. *Grand Trunk Western R. Co.*, 347 Mich 417). As in *Daigneau* v. *Young*, 349 Mich 632, plaintiff at best proved occurrence of an unfortunate accident absent negligence as charged against the defendant.

In token of these necessary conclusions my Brother Kelly concludes that "The lower court did not err in holding that plaintiff failed to prove defendant was negligent." While Judge Culehan did not so hold*—that plaintiff failed to prove defendant was negligent,—I agree with Mr. Justice Kelly that the directed verdict below was right for want of proof or inference from proof on which defendant might be found guilty of any act of negligence as charged against it. This turns us to the question of contributory negligence Mr. Justice Kelly considers on strength (or weakness) of *Jones* v. *Michigan Racing Association*, 346 Mich 648.

I do not care to join in perpetuation of *Jones'* confusticating error—that of measuring contributory negligence by the yardstick of negligence as charged by plaintiff against the defendant—and register again my disagreement with yesterday's majority on that score. Furthermore, all being agreed with respect to the presently-adjudged want of proof of

---

* Judge Culehan directed a verdict for defendant on sole assigned ground that plaintiff had "failed to show he was not guilty of contributory negligence."

negligence as charged, there is no occasion for consideration of or reference to the subject of contributory negligence, since it necessarily implies negligence on the part of the defendant (*Rockwell* v. *Grand Trunk Western R. Co.*, 253 Mich 144; *Warwick* v. *Blackney*, 272 Mich 231).

The defendant's averred duty to the plaintiff in a negligence case is not the same duty as the law charges is owing by the plaintiff to himself—that of protecting his person from injury—and we do the cause of certainty and accuracy no service by direct or inferential suggestion to such effect. The distinction to which I allude is given by Restatement and I timidly venture motion that we proceed to recognize it in this case of Bisceglia.

"*Difference between negligence and contributory negligence.* Contributory negligence differs from that negligence which subjects the actor to liability for harm done to others in one important particular. Negligence is conduct which creates an undue risk of harm to others. Contributory negligence is conduct which involves an undue risk of harm to the person who sustains it. In the one case the reasonable man, whose conduct furnishes the standard to which all normal adults must conform, is a person who pays reasonable regard to the safety of others; in the other, the reasonable man is a reasonably prudent man, who as such pays reasonable regard to his own safety." (2 Restatement, Torts, § 463, p 1227.)

I vote to affirm on ground that the first essential of plaintiff's case—proof of causal negligence of defendant—is lacking as a matter of law. Costs to defendant.

Smith, Edwards, and Voelker, JJ., concurred with Black, J.