# SALLIE NEPHLER v. WOODWARD et al.,
## Appellants.

### Division One, December 22, 1906.

1. **NEGLIGENCE: Preponderance of Evidence: Appellate Práctice.** Although the appellate court may not be satisfied that the verdict was in accordance with the preponderance of the evidence, yet if it cannot be said that it resulted only from passion or prejudice, and there is substantial evidence to support it, it will be permitted to stand.

2. ————: ————: **Physical Facts: Minor Points: Irreconcilable Details.** Witnesses may be mistaken as to some- of the details of an accident, yet accurate as to the important facts. If it cannot be seen how the accident could have occurred exactly as witnesses said it did, yet if there is substantial evidence that plaintiff was injured in the way alleged, the appellate court will not set aside the verdict which has received the approval of the trial judge simply because it cannot reconcile the details of the accident with the main fact.

3. ————: **Contributory: How Pleaded.** A plea to the effect that whatever injuries the plaintiff received were the result of her own negligence is not strictly a plea of contributory negligence, for there are no acts of negligence on her part specified in the plea.

4. ————: ————: **Ordinary Care: Definition.** A definition of ordinary care as "the care which an ordinarily careful and prudent person would ' use under the same or similar circumstances" is correct as a general definition, but the general definition is not sufficient in all cases, for there are cases in which the conduct to be observed in order to fill the requirements of ordinary care should be specified in the instruction. In this case the general instruction was sufficient.

5. ————: ————: ————: **Theater Goer.** An attendant upon a theater, who is being shown to her seat by the usher, is not bound to be on the lookout for holes in the carpet. She has the right, in the absence of any warning to the contrary, to assume that it is safe to follow where the usher leads the way.

6. ————: **Dangerous Condition: Assumed: Instruction: Theater.** Defendants are not liable for any injury to plaintiff unless before the accident the condition was such that by the exercise of ordinary care they could have foreseen probable danger. The jury ought not to be left to judge of the dangerous condition by

the result alone. An instruction which treats as obviously dangerous a hole three inches in diameter in the carpet on the floor of a theater, into which plaintiff's foot slipped, causing her to trip and fall, at a time when the theater was dimly lighted, is faulty. It cannot be assumed that such a hole, even in a dark and dimly lighted room, is fraught with danger to life or limb. But this fault in the instruction may be cured by one given for defendant, declaring that "negligence is not the proximate cause of an accident unless under all the circumstances the accident might have been reasonably foreseen by a man exercising reasonable and ordinary care," etc.

7. ———: Instruction: Abstract Proposition. An instruction which is a mere abstract proposition of law, if it cannot be seen how any possible injury could have resulted from giving it, is not error.

8. ———: Partners: Not Put in Issue. Unless defendants, sued as partners in an action for negligence, put the existence of the partnership in issue by affidavit filed with the pleadings in the cause, it is not necessary to prove that they were partners.

9. INSTRUCTIONS: Setting Out Pleadings. An instruction which in substance is a copy of the petition and answer, designed to be a presentation of the issues in the case, should be refused.

Appeal from Lafayette Circuit Court.—*Hon. Samuel Davis,* Judge.

AFFIRMED.

*E. M. Bartlett* and *Thomson, Stanley & Price* for appellants.

(1) Instruction 1 requested by respondent and given by the court purported to state the facts in a general way and directs the jury that respondent may recover if using ordinary care, without defining the same, and is therefore erroneous. Sanitary Dairy Co. v. Railroad, 98 Mo. App. 20. (2) The same instruction is also bad as it does not refer to, but on the contrary absolutely ignores, the affirmative defense of contributory negligence of the respondent pleaded by appellants. Evans v. Railroad, 16 Mo. App. 522; Fitzgerald v. Hayward, 50 Mo. 523; Goetz v. Railroad, 50

Mo. 472; Russell v. Railroad, 26 Mo. App. 368; Mc-Donald v. Railroad, 32 Mo. App. 70; Bailey v. Bearsley, 32 Mo. App. 406; Walsh v. Edmison, 46 Mo. App. 382. (3) Instruction 3 requested by respondent and given by the court is erroneous in that it is misleading and does not state the consequences of a breach of the duty ascribed to appellants. Kimbal v. Railroad, 108 Mo. App. 78. (4) The court erred in overruling the demurrer of the appellants to the evidence of respondent, as the pleadings put in issue the partnership of defendants, and there was not a particle of evidence introduced by respondent to establish that fact. (5) The court erred in not defining the issues between the partties made by the pleadings as it should have done in order that the jury might thoroughly understand the same, and therefore the refusal by the court to give instruction 2 requested by appellants, which properly defined the issues, was prejudicial error. (6) The court in overruling appellants' motion for a new trial erred, because the verdict was against the weight of the evidence, and in fact was against the vast preponderance of the evidence, and consequently the verdict should have been set aside and a new trial granted. Bauer Grocery Co. v. Sanders, 74 Mo. App. 657; Marshall v. Ins. Co., 43 Mo. 586; Rothschild v. Ins. Co., 62 Mo. 356; Murdock v. Brown, 16 Mo. App. 548; McConey v. Wallace, 22 Mo. App. 377; Lawson v. Wilson, 37 Mo. App. 636.

*John Welborn* and *Robert E. Rooney* for respondent.

(1) The first objection made by appellants, that instruction 1 requested by respondent and given by the court is bad on account of there being no definition of "ordinary care" contained in said instruction, is wholly without merit, as the second instruction asked by respondent and given by the court consists of a

proper definition of "ordinary care" as used in the instructions. Shaw v. Dairy Co., 56 Mo. App. 525; Hughes v. Railroad, 127 Mo. 452; Bank v. Hatch, 98 Mo. 376; Perrette v. Kansas City, 100 Mo. App. 567; Squiers v. Kansas City, 100 Mo. App. 632; Grace v. Railroad, 156 Mo. 295; Liese v. Meyer, 143 Mo. 560; Deweese v. Meramee Iron Min. Co., 143 Mo. 560; Fullerton v. Railroad, 84 Mo. App. 499. (2) The second objection by appellants, that the first instruction requested by respondent and given by the court, is also bad, as it does not refer to, but on the contrary ignores, the affirmative defense of contributory negligence of respondent, pleaded by appellants, is equally without merit, as there was no evidence in the case tending to show that respondent was guilty of contributory negligence. Hughes v. Railroad, 127 Mo. 453; Stone v. Hunt, 114 Mo. 74; White v. Chaney, 20 Mo. App. 397; McAtee v. Vanlandingham, 75 Mo. App. 53; Keithley v. Southworth, 75 Mo. App. 443; Kelley v. Stewart, 93 Mo. App. 47. (3) Instruction 3, requested by respondent and given by the court, is a correct statement of the law under the facts given in evidence and taken in connection with the other instructions could not have confused or misled the jury. McGrew v. Railroad, 109 Mo. 590; Jackson v. Railroad, 29 Mo. App. 496; Bunk v. Railroad, 17 Mo. App. 196; Meredith v. Wilkinson, 31 Mo. 1; Hemphill v. Kansas City, 100 Mo. App. 567; Anderson v. Union Terminal Co., 161 Mo. 411; Owens v. Railroad, 95 Mo. 169; Crawford v. Doppler, 120 Mo. 362; Schorler v. Schorler, 18 Mo. App. 69. (4) As to the fourth point made by appellants, that the court erred in overruling the demurrer of appellants to the evidence of respondent for the reason that partnership was alleged and not proven, it is without foundation, for the reason that the partnership was admitted by stipulation introduced in evidence, and if it could be held that such stipulation was not sufficient, then the

overruling of the demurrer was waived by appellants' proceeding to trial, and the defect, if any, was cured by the testimony of defendant Woodward. Erwin v. Railroad, 96 Mo. 294; Bowen v. Railroad, 95 Mo. 275; Gunther v. Railroad, 95 Mo. 268; Price v. Barnard, 65 Mo. App. 649; Jennings v. Railroad, 112 Mo. 268; Brock v. Railroad, 107 Mo. App. 109; Elberg v. Railroad, 96 Mo. App. 367.

VALLIANT, J.—Plaintiff alleges that defendants were proprietors of a theater in Kansas City; that plaintiff with a party of friends attended a theatrical performance at defendants' theater on the afternoon of April 15, 1899; that as she was passing down one of the aisles to the seat that she was to occupy, her foot was caught in a hole in the carpet, in consequence of which she fell, striking her left side against one of the theater chairs, and received severe injuries to her person.

The petition alleges that the theater was dimly and not sufficiently lighted and that the hole in the carpet and the insufficient light made the condition dangerous to persons attending the performance as plaintiff was; that the defendants knew or by the exercise of ordinary care would have known the condition a sufficient length of time before the accident to have remedied it, but neglected to do so.

The answer was a general denial and a plea "that any injury or damage the plaintiff may have suffered was the result of her own fault, want of care and negligence." Reply, general denial.

The testimony on the part of the plaintiff tended to prove that she and three of her female friends, having purchased their tickets to the matinee performance, attended the theater and were being shown to their seats by the usher; that as the plaintiff was passing down the aisle which was an inclined floor, her left foot was caught in a hole in the carpet, which caused her to

trip and she fell striking her left side violently on the
iron arm of the chair; that she was rendered sick im-
mediately, but remained in the theater during the per-
formance, and when it was over was assisted to walk
to the home of a friend where she remained until about
8 o'clock that evening, then walked home and went to
bed suffering great pain and applying home remedies;
that this was a Saturday and she called in a physician
the next Monday; that from the day of the accident to
the day of the trial she had been an invalid with great
suffering, had been subjected to a very serious surgical
operation and her injuries were permanent. A witness
for plaintiff testified that he had caught his foot in the
same hole and tripped a week or two before the plain-
tiff's accident. Plaintiff's testimony also tended to
show that the light had not been fully turned on when
she fell and the light was dim. The accident occurred
April 15, 1899; the suit was brought November 8, 1902.

On the part of defendant the testimony tended to
show as follows:

About three months before the alleged accident
the theater had been burned out, rebuilt and entire new
furniture and new carpets had been put in. On the
aisle in question there was a new ingrain carpet, the
ordinary wear of which for such use was two or three
years. The defendants had never heard that there was
any hole in this carpet and there was no hole in it. The
theater was brilliantly lighted with electric lights,
which were fully turned on before the doors were op-
ened or the people began to arrive. Defendants never
heard of the alleged accident until this suit was
brought, more than three years after it is alleged to
have occurred. Defendants' testimony also tended to
prove that the plaintiff's physical condition on which
she predicated claim for damages was not the result
of the alleged accident, but of disease of which she
was suffering before.

The suit was begun in Jackson county and taken by change of venue to Lafayette county, where there was a trial resulting in a judgment for plaintiff for $5,000, from which defendants appeal.

The assignments of error are based on the action of the court in giving certain instructions for the plaintiff and refusing certain others requested by the defendants, also in overruling the motion for a new trial.

I. At the close of the plaintiff's case and again at the close of all the evidence the defendants asked instructions in the nature of a demurrer to the evidence.

Defendants hardly contend that there was no evidence tending to prove the cause of action stated in the petition, but do with great seriousness contend that the preponderance of the testimony was so greatly against the plaintiff that the verdict ought not to stand, and that is the argument on which is based also the complaint that the court erred in overruling the motion for a new trial. It is argued that the plaintiff's own evidence showed that it would have been a physical impossibility for her to have fallen as she said she did and as her friends who were with her said she did. As she came down the aisle, according to her testimony, she walked north in the direction of the stage, the seats she and her friends were to occupy were to her right, when she reached the seats she turned to the right with her face towards the east, her left foot was caught in the hole in the carpet and she was thrown down, she struck the arm of the chair with her left side and fell in a sitting position, her foot remaining in the hole in the carpet until it was removed with the assistance of one of her friends. The argument for appellant is that the disease, according to the physicians who attended her and operated on her, was on her left side, therefore the necessity for her to claim that she struck her left side in the fall, but that with her foot held fast in the hole, the arm of the chair which she

struck being towards her right she could not have fallen against it with her left side and then have landed in a sitting position. It is also argued that the unquestionable character of the evidence showing that it was a new carpet which, after the theater season in which the plaintiff claims to have been injured was over, had been taken up and cleaned and replaced and no hole was found in it, that the theater was illumined with brilliant electric lights and no complaint heard from plaintiff until more than three years after the alleged accident, demonstrates that the plaintiff's case is fictitious.

It is difficult to see how plaintiff could have fallen exactly as she and her friends said she did under the conditions mentioned, but if she fell at all she and her female friends might in the excitement of the occasion have been mistaken in some of the details yet accurate in the main important facts. That argument was doubtless pressed on the jury and afterwards on the trial judge and it being an argument on the facts we do not feel authorized to overrule the trial court on a point within its peculiar province. As to the respectable character of the defendants' witnesses that too was a matter for the consideration of the jury and the trial judge. The plaintiff meets the fact that she refrained from making complaint to defendants for so long a time by saying that one of the ushers saw her fall and assisted her to rise and the inference is that he reported it to the defendants as he should have done.

We are not entirely satisfied that the verdict of the jury is in accordance with the preponderance of the evidence, but we do not feel justified in saying that the verdict could have resulted only from prejudice or passion. There was evidence of a substantial character to support it and the trial court having approved it we must let it remain.

II. The first instruction given for the plaintiff was to the effect that if the theater was dimly and insufficiently lighted, and the hole existed in the carpet and

those facts rendered the aisle or passageway unsafe
and dangerous to persons passing along or over it and
that defendants knew or by the exercise of ordinary
care would have known the unsafe and dangerous con-
dition a sufficient length of time to have mended or
removed the carpet and have provided proper  light
and that defendants neglected to do so, and that plain-
tiff purchased a ticket of admission and was being
shown to a seat by a servant of defendants and was
passing through the aisle exercising ordinary care, that
her foot was caught in the hole in the carpet and in
consequence she tripped and fell and received certain
injuries, etc., then the verdict should be for the plain-
tiff.

Appellant complains of that instruction because it
authorizes the plaintiff to recover, other facts being
found, if she was herself at the time exercising ordi-
nary care, without defining the term ordinary care as
applicable to her then and there, and also that it ig-
nores the affirmative defense of contributory negli-
gence.

The instruction is followed by instruction num-
bered 2 which defines ordinary care to be "that care
which an ordinarily careful and prudent person would
use under the same or similar circumstances." That,
as a general definition, is correct and although such a
general definition does not satisfy the requirements of
all cases, for there are cases in which the conduct to
be observed in order to fill the requirements of ordi-
nary care should be specified in the instruction (Dairy
Co. v. Railroad, 98 Mo. App. 20; Hayden v. Railroad,
124 Mo. 566), yet it was sufficient in this case. Strictly
speaking there is no affirmative plea of contributory
negligence in the answer in this case; there is a plea to
the effect that whatever injuries the plaintiff may have
suffered were the result of her own negligence, but
there are no acts of negligence on her part specified

in the plea. But if there had been a plea of contributory negligence it would have made no difference, because there was no evidence that the accident was caused in any degree by any act of negligence on the part of the plaintiff. She was not bound to be on the lookout for holes in the carpet when the usher was showing her to the seat; she had a right, in the absence of any warning to the contrary, to presume that it was safe to follow where the usher led the way.

This is rather an unusual case. A hole in a carpet is not ordinarily such a menace to life or limb as would justify the court in assuming it to be dangerous to persons passing over it, and the question of whether it was in this instance of such a character that the proprietors of the theater ought to have recognized it as a danger to their patrons and have guarded against it was a question of fact for the jury. It is doubtful if the instruction now under discussion was explicit enough in propounding that question to the jury. The language of the instruction on this point is: "If the jury believe . . . that defendants carelessly and negligently permitted to remain in the carpet covering the aisle or passageway on the west side of the balcony of said theater or building, a hole or opening about three inches in diameter in said carpet and that said theater was dimly and improperly lighted along said aisle or passageway on the west side of said balcony of said theater and that said aisle or passageways were rendered unsafe and dangerous to persons attempting to pass along and over the same in order to reach the seats in the theater to see and witness the performance, and if you believe from the evidence that said aisles and passageways were dangerous and unsafe and that defendants knew," etc. It cannot be said that the instruction failed entirely to submit to the jury the question of whether or not the hole and the insufficient light created a condition of danger, and the defendants'

knowledge of it, but the fault with it is that it treats the hole in the carpet and the dim light as it would treat facts which constitute an obvious danger. If a person knows that he has left his cellar door open in a public sidewalk on a dark night he knows that he has set a mantrap, but we have no right to assume that a round hole in a carpet on the floor, three inches in diameter, even in a dark or dimly lighted room, is fraught with danger to life or limb; it may or may not be so according to circumstances, but in submitting the question to the jury they ought not to be left to judge by the result alone that it was dangerous, but should be instructed that although they might find that it resulted in the injury in this instance yet the defendants would be liable as for neglect of duty only in case the condition was such that reasonably prudent men engaged in that business would by the exercise of ordinary care foresee or anticipate the danger. It is easier to judge that the condition was dangerous after the accident occurred than it was before, but defendants are not liable unless before the accident the condition was such that by the exercise of ordinary care they could have foreseen probable danger.

The instruction omits to submit this question in the concrete form that the facts in this case call for, but the omission is supplied in an instruction given at the request of defendants. In instruction 12 for defendants the court said: ". . . The jury is instructed that negligence is not the proximate cause of an accident unless under all circumstances the accident might have been reasonably foreseen by a man exercising reasonable and ordinary care. It is not enough to prove that the accident is the natural consequence of some negligence. It must also have been the probable consequence of the special act of negligence alleged as defined in the instructions, and before you can find a verdict for the plaintiff herein, you must find from the evi-

dence that there was a hole in the carpet in the balcony of the Auditorium Theater, and that the defendants in the exercise of reasonable and ordinary care should have foreseen that such hole, if any existed, would in all probability cause an injury similar to that which is claimed to have happened on the 15th day of April, 1899.''

The plaintiff's instruction is correct as far as it goes, and that of the defendants is in no respect in conflict with it, but it goes further and amends the defective statement of the hypothesis presented in plaintiff's instruction. Taking the two together the question was fairly submitted to the jury.

III. In instruction number 3 for plaintiff it is said that it was the duty of defendants ''to keep every part of said theater used by the patrons thereof in going and coming from the seats in a reasonably safe condition.'' Of this it is complained that it holds the defendants liable even though the hole in the carpet had occurred so shortly before the accident that defendants could not possibly have discovered it. Even if the instruction under other circumstances would have been liable to that interpretation it could not have been so understood in this case. The only evidence in the case bearing on the question of how long the hole had been there was that of one of plaintiff's witnesses who stated that he had caught his foot in it and stumbled a week or two weeks before this accident. The evidence for the defendants was that there was no hole there at all. Under the other instructions the jury were bound to believe the plaintiff's witness on that point before they could find for the plaintiff.

It is also complained that this instruction 3 merely states what the defendants' duty was in the particular mentioned, but does not say what the consequence of neglect of the duty would be, that is, that it was a mere abstract proposition of law. That is a just crit-

icism, but we cannot see how any possible injury could have resulted from giving that instruction.

IV. Appellants contend that the court should have sustained their demurrer to the evidence because they were sued as partners and there was no evidence of partnership. There was no such issue as that to be tried. Section 746, Revised Statutes 1899, provides that where plaintiffs or defendants sue or are sued as partners it shall not be necessary to prove the fact of partnership "unless the opposite party put such fact in issue by affidavit filed with the pleadings in the cause." No such affidavit was filed. Besides, there was ample proof of the partnership.

V. The defendants asked an instruction numbered 2 which was in substance a copy of the petition and answer and was designed by defendants to be a presentation of the issues to the jury. The instruction was refused. There was no error in refusing that request. The issues that were to be tried were sufficiently defined in the instructions given and better within the comprehension of the jury than in the more elaborate technically wordy language of the pleadings.

The cause was well tried; if any mistake was made it was the mistake of the jury on the questions of fact, and that is beyond our province.

The judgment is affirmed. All concur.