## OPPENHEIM *v.* PITCAIRN.

1. CARRIERS—MAINTENANCE OF DEPOT FLOORS.

   While railroad and depot companies owe a duty to maintain depot floors commensurate with the danger reasonably to be apprehended, they are not insurers of the safety of passengers in the depot nor does the law exact the same standard of care in this respect as in the carrying of passengers.

2. NEGLIGENCE—PROOF OF BREACH OF DUTY.

   Fault, the neglect in the duty of reasonable care, is the basis of liability in an action for injuries alleged to be due to defendants' negligence, and the breach of duty must be proved by the party asserting it has been made.

3. SAME—PRESUMPTIONS—EXTREME CARE—REASONABLE CARE.

   Negligence will not be presumed from the happening of an accident which extreme surveillance might have prevented, when reasonable care does not eliminate the possibility of an occasional mishap.

4. SAME—DANGEROUS CONDITION OF PREMISES—KNOWLEDGE.

   Where the charge of negligence is the failure to maintain the premises in a reasonably safe condition, it must be shown that the unsafe condition was known to the one on whom the duty rested, or that the character of the danger or the passage of time was such that knowledge of the menace should have come to the reasonably prudent incumbent.

5. CARRIERS—DANGEROUS CONDITION OF PREMISES—EVIDENCE OF KNOWLEDGE—RAILROAD DEPOT ENTRANCES.

   Proof of the wet and slushy condition of smooth terrazzo floor back of door in entrance of railroad depot on a rainy afternoon in April alone does not warrant a finding of want of inspection or negligent failure to remedy the known situation as there must be further evidence that the water and slush remained there because of defendants' faulty supervision over the premises or because of the failure to mop the floor at intervals which would reasonably protect those entering the depot.

6. SAME—RAILROAD DEPOT FLOORS—REASONABLE CARE.

   Reasonable care does not require that the floor near the entrance

of a railroad depot bo free from evidences of weather conditions outside at every moment of the business day.

Appeal from Wayne; Maher (John J.), J., presiding. Submitted April 5, 1940. (Docket No. 53, Calendar No. 41,038.) Decided June ·3, 1940.

Case by Marion E. Oppenheim against Norman B. Pitcairn and Frank C. Nicodemus, Jr., receivers for Wabash Railway Company, and Fort Street Union Depot Company, a Michigan corporation, for damages for personal injuries sustained when she slipped on depot floor. Directed verdict and judgment for defendants. Plaintiff appeals. Affirmed.

*Royal A. Oppenheim,* for plaintiff.

*Fred G. Cadwell,* for defendant receivers.

*John C. Shields* and *William R. Althans,* for defendant Fort Street Union Depot Company.

BUTZEL, J. Plaintiff arrived on a train at defendants' depot on a rainy and slushy afternoon in April, 1938. She gave her baggage to a porter and asked him to follow her. She walked from the train shed into the station, through the station waiting room, and out the right side of a double doorway of a marquee-covered entrance where she met some of her family. On discovering that the porter did not follow her, she started back into the station through the same doorway. Coming in, she opened the door at her right, which was, of course, not the side of the entrance through which she had previously walked, "took a couple of steps and slipped and fell on the floor." As a result of the fall her front teeth were broken. This action was brought to recover for her injuries.

The floor was of smooth terrazzo construction. Plaintiff testified that she fell at a spot that was "wet and slushy," although the path she first followed in going through the door on the other side of the same entrance seemed to be dry. After the fall her clothes were "wet and slushy." Her mother testified that after a porter informed her of plaintiff's misfortune, she hurried into the depot through the same entrance, and that she herself slipped but fortunately did not fall. At the close of plaintiff's proofs, the trial judge directed a verdict for defendant on the ground that there was no evidence in the record to indicate how long this condition had existed and that, therefore, the burden of proof of negligence had not been sustained.

Defendants owed a duty of maintenance of the station floor commensurate with the danger reasonably to be apprehended. They are clearly not insurers of the safety of passengers on the station house premises (*Selman* v. *City of Detroit,* 283 Mich. 413) ; nor is the law·as exacting in the care required in this respect as it is in the conveying of passengers. *Anda* v. *Chicago, Duluth & Georgian Bay Transit Co.,* 231 Mich. 567; *McCormick* v. *Railway Co.,* 141 Mich. 17 (18 Am. Neg. Rep. 484). Fault—the neglect in the duty of reasonable care—is the basis of liability, and the breach of duty must be proved by the party making the assertion. Negligence will not be presumed from the happening of an accident which extreme surveillance might have prevented, when reasonable care does not eliminate the possibility of an occasional mishap. Where the charge of negligence is the failure to maintain the premises in a reasonably safe condition, we have always insisted upon proof that the unsafe condition was known to the one on whom the duty rested, or that the character of the danger or the passage of time was such that knowledge of the

menace should have come to the reasonably prudent incumbent. Cases based on the liability of a storekeeper to his business guests are applicable here. Proof of the wet and slushy condition alone does not warrant a finding of want of inspection or negligent failure to remedy the known situation. There must be further evidence that the water and slush remained by the door because of defendants' faulty supervision over the premises or because of the failure to mop the floor at intervals which would reasonably protect those entering the station. *Carpenter* v. *Herpolsheimer's Co.*, 278 Mich. 697; *Filipowicz* v. *S. S. Kresge Co.*, 281 Mich. 90; *Evans* v. *S. S. Kresge Co.* (majority opinion on rehearing), 290 Mich. 698. Reasonable care does not require that the floor be free from evidences of the weather conditions outside at every moment of the business day. The fact that there was yet slush on the floor of the room indicates the likelihood that the condition could not have existed for any length of time. The trial court was right in concluding that negligence had not been proved.

The judgment is affirmed, with costs to defendant.

BUSHNELL, C. J., and SHARPE, POTTER, CHANDLER, NORTH, MCALLISTER, and WIEST, JJ., concurred.