COX *v.* UNITED DETROIT THEATRES CORP.

1. TRIAL—INSTRUCTIONS—THEATERS AND SHOWS—BALCONY LIGHTS.
   In action for injuries sustained by elderly plaintiff alleged to have been the result of defendant's failure to light a stairway in balcony of its theater, where issue was whether or not stairway was lighted it was error for trial court to instruct jury that it was not only necessary for plaintiff to prove the lights were out but also that defendant knew they were out and had had sufficient time before the accident to remedy the situation.

2. NEGLIGENCE—DANGEROUS CONDITION OF PREMISES—KNOWLEDGE OF PROPRIETOR.
   It is inferred that the proprietor of premises has knowledge of a dangerous condition thereon where he creates it or negligently permits such condition to exist.

3. THEATERS AND SHOWS—LIGHTING OF BALCONY AISLES—KNOWLEDGE OF PROPRIETOR.
   Whether or not theater owner knew of dangerous condition in theater arising from alleged insufficient lighting of aisles in a portion of the balcony was a question for the jury where plaintiff claimed owner had created such condition or had negligently permitted it to exist.

4. APPEAL AND ERROR—FORM OF VERDICT—RECOMMENDATION OF JURY.
   Form of verdict, rendered in action against theater owner, finding defendant not guilty of negligence but recommending that plaintiff receive compensation for medical services and loss of time from work to date, which was rendered pursuant to advice of judge that they could make a decision coupled with a recommendation but that latter would not affect their decision, is not discussed where case is reversed and new trial granted for an erroneous instruction relative to the main issue.

BOYLES, C. J., and NORTH, J., dissenting.

Duty of care owed by owner to business visitor, see 2 Restatement, Torts, § 343 and also comment e.

Appeal from Wayne; Murphy (Thomas J.), J. Submitted June 11, 1943. (Docket No. 73, Calendar No. 42,423.) Decided October 11, 1943.

Case by Laura Cox against United Detroit Theatres Corporation for personal injuries sustained when she fell in defendant's theater. Verdict and judgment for defendant. Plaintiff appeals. Reversed and new trial granted.

*Bloom & Bloom,* for plaintiff.

*Knight & Panzer,* for defendant.

BUTZEL, J. Laura Cox, an elderly lady, claims that on October 5, 1941, at 6 p.m., she and her daughter-in-law entered defendant's "Michigan Theatre," a moving picture house in Detroit, Michigan, and after unsuccessfully attempting to secure seats on the lower floors, went up eight flights of stairs to the top balcony where there is an open space in the rear back of the rows of seats. The balcony is divided by aisles with stairways down which patrons descend to the rows of seats. The lights in the theater are necessarily dimmed while a motion picture is being shown. Plaintiff claims that only small lights shaded by oval covers marked the heads of the stairway along the aisles that she used and that there were no lights at all at the ends of the rows of seats at the various points along the stairway although there were lighting fixtures evidently there for that purpose. Plaintiff claims that on arriving at the head of the stairway at the rear of the balcony, she waited five minutes so as to accustom herself to the darkness, and thereupon she tried to feel her way to a seat. She claims that the stairway was totally dark; that the steps down the aisle were not uniform in size,

and that at one of the steps the carpet was loose, extending one and one-half inches to two inches over the edge of the steps. No usher escorted plaintiff to her seat. She claims that after she took two steps down from the rear of the balcony and while groping her way, as she attempted to take a third step, she fell and injured herself very seriously. After sitting down for 10 minutes, she was helped downstairs, went home, then to a hospital, and then home again where she remained for six weeks with her leg in a cast, and that she had not yet fully recovered from her injury. She alleges that the accident was due to the total darkness along the aisles and the failure to keep the stairway in safe condition to avoid injury to the patrons of the theater.

Defendant, on the other hand, claimed that the steps were lighted. It makes no claim that the lights suddenly went out due to the bulbs burning out or the fuses being blown. It became wholly a question whether the stairway was lighted or not, not whether the lights had gone out and for that reason it was not lighted. The judge distinctly charged that it was not only necessary for plaintiff to prove the lights were out, but also that defendant knew they were out, and had sufficient time before the accident to remedy the situation. This was error as the question was whether there was sufficient light turned on or not. There was some testimony that the lights in the gallery were not lighted on weekends.

Mr. Justice STARR speaking for the court in *Hulett* v. *Great Atlantic & Pacific Tea Co.*, 299 Mich. 59, 68, stated:

"In those cases where the alleged hazardous condition was caused by the acts of third parties or weather conditions or other conditions over

which the storekeeper had no control, the plaintiff was required to prove that the defendant had notice of the same.''

He referred to numerous cases including *Oppenheim* v. *Pitcairn*, 293 Mich. 475, where the rule is also set forth. He also quoted with approval the correct rule set forth in *Kroger Grocery & Baking Co.* v. *Diebold*, 276 Ky. 349 (124 S. W. [2d] 505), as follows:

"Negligence may consist either in failure on the part of the store proprietor to discover the dangerous condition, though created by a third person, within a reasonable time, or in the creation of the dangerous condition by himself or his agents or servants. Where he has created a dangerous condition or negligently permitted such condition to exist, knowledge on his part is inferred."

In the instant case, plaintiff claims that defendant had created a dangerous condition and negligently permitted such condition to exist, and, therefore, knowledge on the part of defendant would be inferred. Thus it became a jury question whether plaintiff's contentions were correct or not. There was no claim that the lights suddenly went out. It was claimed that they were not lighted at all or at least there was insufficient lighting so as to create a dangerous condition. Under the charge the jury was necessarily obliged to find for defendant.

The jury brought in a peculiar verdict. It held that defendant was not guilty of negligence but recommended that plaintiff receive compensation for medical services and loss of time from work to date. After the jury had brought in their verdict and left the courtroom, the court disclosed that the

jury had sent in a note the night before and asked if they could make a decision coupled with a recommendation; that the court answered that they could, but the recommendation would not affect their decision. This was all done without the knowledge or consent of counsel. As this form of verdict and the action of the judge will not recur on a new trial, we need not discuss it. The judge erred in charging the jury that it was necessary for plaintiff to show that defendant had notice of the dark condition of the theatre in order to rectify it.

The judgment is reversed, with costs to plaintiff, and a new trial granted.

Chandler, Starr, Wiest, Bushnell, and Sharpe, JJ., concurred with Butzel, J.

Boyles, C. J. (*dissenting*). The judgment should be affirmed. There was testimony to the effect that the lights were out, that the head of the stairs and the stairsteps were unlighted. Defendant denied that the lights were out. Plaintiff was an invitee, and it became a question of fact as to whether the defendant had failed to exercise such ordinary care and prudence as to render its premises reasonably safe for plaintiff's use. The court charged the jury:

"Now, there is some testimony here in reference to the lights being out. That would raise a little different situation, because if the lights were out then it would be incumbent upon the plaintiff to prove by a fair preponderance of the evidence that the defendant knew the lights were out, or should have known they were out had reasonable inspection been made.

"Our Supreme Court has commented upon that in this way:

" 'There must be proof that the unsafe condition was known to the one upon whom the duty rested, or that the character of the danger or the passage of time was such that knowledge of the menace should have come to the reasonably prudent person.'

"Now, in this case there is not any testimony, if you believe under the testimony that the lights were out, there is not any testimony that they were out for 10 minutes or 5 minutes or 20 minutes, and you would have to find from the testimony, that is, by a fair preponderance of the evidence, that the defendant knew that the lights were out, or should have known the lights were out if they had reasonably inspected the premises."

The charge was proper. In *Oppenheim* v. *Pitcairn,* 293 Mich. 475, Mr. Justice BUTZEL, writing for the court, said:

"Where the charge of negligence is the failure to maintain the premises in a reasonably safe condition, we have always insisted upon proof that the unsafe condition was known to the one on whom the duty rested, or that the character of the danger or the passage of time was such that knowledge of the menace should have come to the reasonably prudent incumbent."

The jury returned a written verdict that the defendant was not guilty of negligence. Judgment for defendant should be affirmed.

NORTH, J., concurred with BOYLES, C. J.