KELLAR *v.* UNITED METAL PRODUCTS COMPANY.

1. APPEAL AND ERROR—COMMON PLEAS COURT—REVIEW BY CIRCUIT COURT.
   The circuit court reviews judgment entered in the common pleas court on a transcript of the testimony and proceedings had in the common pleas court and does not hear the case *de novo;* the review being in the same manner, as near as may be, as cases appealed from the circuit court are presently reviewed by the Supreme Court (CL 1948, § 728.4, as amended by PA 1949, No 149; Court Rule No 77, effective in 1949).

2. SAME—NONJURY CASE—PREPONDERANCE OF EVIDENCE.
   The Supreme Court does not reverse the finding of a trial court on an issue of fact in a nonjury case unless the evidence clearly preponderates in the opposite direction.

3. SET-OFF AND RECOUPMENT—NONJURY CASES—FINDING OF COURT—EVIDENCE.
   Finding of common pleas court in nonjury action for performance of buffing, polishing and chrome plating operations on certain metal stampings for defendant that latter was not entitled to set-off and recoupment for charges made for defective workmanship and for value of stampings scrapped, as affirmed by the circuit court, is affirmed, where there is competent evidence to sustain such finding (CL 1948, § 728.4,

---

REFERENCES FOR POINTS IN HEADNOTES
[2, 3] 3 Am Jur, Appeal and Error § 896 *et seq.*

as amended by P.A. 1949, No 149; Court Rule No 77, effective in 1949).

Appeal from Wayne; Moynihan (Joseph A.), J. Submitted January 7, 1954. (Docket No. 30, Calendar No. 46,009.) Decided February 18, 1954.

Suit by Chris Kellar, doing business as Kellar's Metal Polishing & Buffing Company, against United Metal Products Company, a corporation, for plating services. Judgment for plaintiff in common pleas and circuit court. Defendant appeals. Affirmed.

*Philip N. Christi,* for plaintiff.

*Lucking, Van Auken & Schumann,* for defendant.

SHARPE, J. This case originated in the common pleas court of Detroit where plaintiff had judgment. On appeal to the circuit court of Wayne county, the judgment was affirmed. The record shows that plaintiff, Chris Kellar, doing business as Kellar's Metal Polishing & Buffing Company is in the business of buffing, polishing and chrome plating metal parts, and appellant, United Metal Products Company, is a manufacturer of kitchen step-stools. In April of 1952, United requested Kellar to perform buffing, polishing and chrome plating operations on certain metal parts which United had stamped out, and to pick up and deliver the same in a good and workmanlike manner according to samples inspected at agreed prices.

During April, May and June of 1952 plaintiff picked up some parts, and after working on them returned them to defendant. Some of the parts returned to defendant were again returned to plaintiff because of claimed defective workmanship. Upon failure to pay for work performed, plaintiff began an action in the common pleas court of Detroit, where

a judgment was rendered in his favor in the sum of $808.60, including costs. It also appears that defendant, in the common pleas court, filed a claim for a set-off and recoupment for charges made for defective workmanship in the amount of $422.82 and the value of stampings scrapped in the sum of $361.40. The claims for set-off and recoupment were denied, and upon appeal to the circuit court the judgment was affirmed. Defendant appeals and urges that the verdict is against the great weight of the evidence.

Plaintiff testified that when he delivered parts to defendant they were checked and received by defendant; that the parts he worked on were marked with a yellow or green chalk by his employees; that many of the parts returned to him as defectives were unmarked, showing that his shop did not do the polishing and buffing of them.

Defendant offered testimony to the effect that during April, May and June, 1952, they had 3 suppliers of polishing and plating, namely, Electroplating, Inc., Manufacturers Plating and plaintiff. It also appears that Electroplating, Inc., and Manufacturers Plating denied that any of the defective parts were parts that they had worked on. Plaintiff also states that the parts shipped by him consisted in part of 1,024 tops, but that defendant returned to him 1,440 tops claimed to be defective. This case was tried in the common pleas court without a jury. In *Michael* v. *Kircher,* 335 Mich 566, we said:

"The review of the judgments for plaintiffs entered in the common pleas court was based on a transcript of the testimony and proceedings had in the common pleas court. On such review, the circuit court does not hear the case *de novo.* PA 1929, No 260, § 4 (CL 1948, § 728.4), providing for the review of judgments of the common pleas court by the circuit court, was amended by PA 1949, No 149 (Stat.

Ann 1951 Cum Supp § 27.3654), and provides as follows:

" 'In all cases in which any of the parties to the litigation feel themselves aggrieved by the judgment, or final order of a judge or judges of the common pleas court, appeal or certiorari shall lie within 20 days of the date of such judgment or order, to the circuit court of said county for review, but not for trial *de novo,* where the case shall be reviewed in the. same manner as near as may be, as cases appealed from the circuit court are now reviewed in the Supreme Court. * * *

" 'Transcripts of judgments rendered by the common pleas court may be taken and filed in the same manner and within the same time and with like force and effect as is provided by law.

" 'A reporter or stenographer may be employed in any case upon demand of either party to the case, or on order of the court.'

"See, also, Court Rule No 77, effective September 23, 1949, which defines the practice on appeals to circuit courts from the common pleas court in Detroit, and substantially follows the rules for practice on appeals from circuit courts to this Court. Said Court Rule No 77 is not contradictory of the statute above quoted, as applied to the question now before us. Such appeals are heard in the circuit court on settled records and filing of briefs. They are not heard *de novo.*"

This case involves a question of fact. In cases tried before a court without a jury we do not reverse unless the evidence clearly preponderates in the opposite direction. Having reviewed the record, we are not able to say that the trial court was in error. We find that there is competent evidence to support the finding of fact of the trial court. The judgment is affirmed, with costs.

BUTZEL, C. J., and CARR, BUSHNELL, BOYLES, REID, DETHMERS, and KELLY, JJ., concurred.