### FREEDMAN v. PALMER PARK THEATER COMPANY.

1. COURTS—CIRCUIT COURTS—REVIEW OF COMMON PLEAS COURT—JUDGMENT—STATUTES.

Court rule giving discretionary power to circuit court, on appeal from court of common pleas, to draw inferences of fact, except in cases prohibited by statute, and to give any judgment and make any order which ought to have been given or made, and make other and further, orders as the case may require, is not contrary to, nor does it prevail over, statute providing for review of judgments of common pleas court on transcript (CL 1948, § 728.4, as amended by PA 1949, No 149; Court Rule No 77, § 17, subds [f], [g], adopted in 1949).

2. THEATERS AND SHOWS—NEGLIGENCE—EVIDENCE—REST ROOM—DOOR SILL.

Evidence adduced in action by theater patron against theater owner presented question of fact for consideration of common pleas judge as to negligence on part of defendant, where there is showing of presence of greasy matter upon sill of doorway leading to ladies' rest room and a gap in the space between the sill and wall-to-wall carpeting on floor of room into which plaintiff was proceeding when injured.

3. SAME—SAFE PREMISES.

A theater owner has an affirmative positive obligation to maintain its premises in a reasonably safe condition to prevent injury to its invitees.

4. SAME—KNOWLEDGE OF DANGEROUS CONDITION OF FLOOR.

It is not necessary for a theater patron, an invitee, to prove defendant theater owner had actual or constructive knowledge of the hazardous condition of its floor, where such condition was created by defendant.

---

REFERENCES FOR POINTS IN HEADNOTES

[2] 52 Am Jur, Theaters, Shows, Exhibitions and Public Resorts § 78.
[2-4] Duty and liability of owner or keeper of place of amusement respecting injuries to patrons. 22 ALR 610; 29 ALR 29; 38 ALR 357; 44 ALR 203; 53 ALR 855; 61 ALR 1289; 98 ALR 557.
[3] 52 Am Jur, Theaters, Shows, Exhibitions and Public Resorts § 49.
[4] 52 Am Jur, Theaters, Shows, Exhibitions and Public Resorts § 46.
[5] 3 Am Jur, Appeal and Error § 888.
[6] 3 Am Jur, Appeal and Error § 812 *et seq.*
[7] 14 Am Jur, Costs § 93.

5. Appeal and Error—Circuit Court—Common Pleas Court—Question of Fact.
   It was error for a circuit judge of Wayne county to substitute his own judgment for that of the common pleas court on a question of fact, where the evidence does not preponderate against the findings and judgment of the common pleas court (CL 1948, § 728.4, as amended by PA 1949, No 149; Court Rule No 77, effective in 1949).

6. Same—Review of Common Pleas Court Cases by Circuit Court.
   The circuit court reviews judgment entered in the common pleas court on a transcript of the testimony and proceedings had in the common pleas court and does not hear the case *de novo*; the review being in the same manner, as near as may be, as cases appealed from the circuit court are presently reviewed by the Supreme Court (CL 1948, § 728.4, as amended by PA 1949, No 149; Court Rule No 77, effective in 1949).

7. Costs—Common Pleas Court—Circuit Court—Supreme Court.
   Costs of both circuit court and Supreme Court are allowed plaintiff whose judgment in common pleas court was reversed in circuit court and affirmed by the Supreme Court.

Sharpe, Reid, and Carr, JJ., dissenting.

Appeal from Wayne; Miller (Guy A.), J. Submitted January 10, 1956. (Docket No. 54, Calendar No. 46,371.) Decided May 14, 1956.

Case by Edith Freedman against Palmer Park Theater Company, Inc., a Michigan corporation, for personal injuries sustained in fall in rest room. Judgment for defendant. Plaintiff appeals. Reversed and remanded.

*Weiswasser, Jaffe & Radner,* for plaintiff.

*Davidson, Kaess, Gotshall & Kelly (Konrad D. Kohl,* of counsel), for defendant.

Reid, J. (*dissenting*). Plaintiff sued defendant in the common pleas court for the city of Detroit for damages arising from claimed negligence. Plaintiff

had judgment in the common pleas court for $800 damages and costs. Defendant appealed to the circuit court for the county of Wayne which reversed and vacated the judgment for plaintiff rendered in the common pleas court. Plaintiff appeals to this Court from the judgment of the circuit court.

Plaintiff testified that on February 11, 1951, she was in the theater of the defendant at 17013 Hamilton avenue in Detroit with her escort. It was a Sunday night. About midnight as she was leaving the theater, she did not go directly out of the theater but went to the ladies' lounge while her escort went to get his car. While she was coming out of the ladies' lounge her foot slipped on the sill of the door leading from the washroom into the rest room. There was a carpet from wall to wall in the room to which she was going and when she slipped on the door sill her heel caught in an open space in the carpeting between the carpet and the sill of the door. There was a space of about an inch or an inch and a half between the sill and the edge of the carpeting. When she was leaving the washroom and going into the ladies' lounge, there was nothing apparent to call her attention to anything unusual on the sill of the door. When she had fallen and was lying there, her hands were "full of some greasy substance that was on the sill." As she was walking through the doorway, the gap between the carpeting and the sill was not observable by ordinary observation. In practical effect this constitutes the showing relied on by plaintiff of negligence on the part of the defendant. No knowledge by defendant of the existence of a greasy condition of the door sill is shown.

Plaintiff claims in her declaration that the defendant was negligent in that it,

"Permitted certain wet and slippery substances to be on the bottom sill of the door which leads into the

anteroom of the ladies' rest room, and also permitted a space to exist between the said bottom door sill and the carpeting, so that plaintiff while walking out of the said rest room slipped and engaged the heel of her shoe in said space and tumbled and fell with great force and violence to the floor, thereby suffering bruises, contusions and severe bodily injury."

The judge of the common pleas court found the maintenance of the carpet defective and the defendant on that account guilty of negligence.

The circuit court on appeal to that court found:

"It is my judgment that this doorway presents no situation of danger whatever. Any risk that anyone encounters in going through that doorway is infinitesimal as compared to the risk that everyone assumes every time he walks down a flight of stairs. The testimony in the case discloses, at the very outside, an impediment which is neither as broad nor as high as, for example, that which pedestrians encounter in crossing every street upon which there are streetcar tracks, particularly streets where the streetcar tracks are laid upon a curve with high flanges on the inner sides of the rails. I have no doubt whatever that within the city of Detroit there are 10,000 situations which are comparable to the one in evidence in this case, and which no one has ever dreamed of considering to be any element of danger whatever."

The circuit court reversed the judgment of the common pleas court and entered a judgment of no cause of action. See *Holmes* v. *United Theatres Co.,* 186 Mich 548, in which the plaintiff tripped on a mat as she was entering a theater, in which case the verdict directed for the defendant was affirmed upon appeal to this Court, and in that case we cite *Nephler* v. *Woodward,* 200 Mo 179 (98 SW 488), in which case the plaintiff had caught her foot in a hole in the aisle carpet while being shown to a seat in de-

fendant's theater.   See, also, *Hunker* v. *Warner Brothers Theatres*, 115 W Va 641 (177 SE 629).

The burden rests on the plaintiff to prove the negligence of the defendant and plaintiff's want of contributory negligence.   There is testimony that the width of the alleged depression was 1 to 1–1/2 inches, but there is a total absence of testimony as to the depth of the depression.   Plaintiff positively testified she did not observe the depression complained of.   She testified:

"When I was leaving the washroom and going into the ladies' lounge there was nothing apparent to cause [call?] my attention to anything unusual on this floor sill.   *   *   *   As I was walking through, the gap between the carpeting and the wall was not observable by ordinary observation."

Plaintiff failed to introduce evidence that the gap was such that a person acting with ordinary prudence, would, without the presence of slippery grease on the sill, slip or stumble at the gap.   In neither declaration or testimony does the plaintiff show or claim that the defendant had any knowledge of the presence of the grease on the threshold, before the accident.

Even though defendant introduced no testimony, it is nonetheless incumbent upon plaintiff to establish the negligence of defendant, in the absence of which plaintiff may not prevail.   Plaintiff failed as a matter of law to introduce sufficient testimony to establish the negligence of defendant.   The circuit judge recites in his opinion that upon appeal from the common pleas court, the circuit court does not hear the case *de novo*.   However, it is still the duty of the plaintiff to produce sufficient evidence of negligence. No prima facie case was established by plaintiff.   We consider that because the plaintiff had not made out even a prima facie case, this Court has the right and

is vested with the authority on this appeal to determine that there is no foundation evidence for a charge of negligence. The plaintiff must fail and we order a judgment of not guilty of negligence.

We also call attention to the case of *Konen* v. *Moose Lodge No. 288*, 345 Mich 80, in which the trial judge entered judgment for defendant notwithstanding the verdict of the jury, under circumstances quite similar to the instant case.

The circuit judge stated that it was his conclusion that the evidence in the case failed to establish a cause of action. The judgment of the circuit judge adjudging defendant not guilty should be affirmed, with costs to defendant.

Sharpe and Carr, JJ., concurred with Reid, J.

Boyles, J. I do not concur in affirmance.

This case originated in the common pleas court for Detroit and was tried before a judge of that court. Decision depended on a question of fact—was the defendant theater company guilty of negligence in failing to keep its premises in a safe condition to prevent injury to its patrons? Plaintiff was an invitee who was injured, and claims negligence of the defendant in permitting a wet, slippery substance to remain at a door leading into the ladies' rest room, and a space to exist between the door and certain carpeting, causing the plaintiff to slip, catch her heel and fall, resulting in her injury.

There is no dispute as to the facts. They are shown by the transcript of the testimony taken in the common pleas court, which is in the record here. It consists of the testimony of the plaintiff herself and a witness who went with the plaintiff to the defendant's theater to see the show. The defendant offered no proofs. Was the defendant guilty of negligence, as a matter of fact, in maintaining an unsafe con-

dition in its theater? The common pleas judge decided that the defendant was guilty of such negligence, and entered judgment for the plaintiff.

On appeal to the circuit court, Circuit Judge Guy A. Miller, deciding the question without jury, held that the defendant was not guilty of negligence and set aside the judgment. In his opinion, which is in the record, the circuit judge, referring to our decision in *Michael* v. *Kircher,* 335 Mich 566, said:

"I think that the powers and duties of circuit judges in Wayne county in the determination of cases appealed to that circuit from the common pleas court of Detroit demand candid reconsideration and redetermination by the justices of our State Supreme Court.

"This statement is based upon the wording of Rule No 77 of the Michigan Court Rules, § 17, as the application of that rule is made uncertain and unambiguous [ambiguous?] by the decision in the case of *Michael* v. *Kircher,* 335 Mich 566, at pages 573 and 574. * * *

"The case of *Michael* v. *Kircher* involved a determination by the circuit court on the subject of the authority of an agent. On that point there was conflicting evidence before the common pleas judge. The circuit court reviewed all of the testimony and came to the conclusion that the ends of justice required that court to give a judgment differing from that of the common pleas court, which ought to have been given or made by the common pleas court. The Supreme Court held that it was reversible error for the circuit judge to differ with the opinion on conflicting evidence of the common pleas judge."

Thereupon Judge Miller, in the case at bar, relying on Court Rule No 77, § 17, adopted September 22, effective September 23, 1949,* reversed the judgment entered in the common pleas court, and said:

---

* See 326 Mich lvi.—Reporter.

"Acting under the express provision of Court Rule No 77 above quoted, which gives to this court the power to render the judgment which should have been rendered, it is my conclusion that the evidence in this case fails to establish a cause of action."

In so doing, the trial judge expressly relied on subdivisions (f) and (g) in said section 17, Court Rule No 77, which state:

"1. The circuit court may, at any time, in addition to its general powers, in its discretion and on such terms as it deems just: * * *

"(f) Draw inferences of fact, except in cases prohibited by statute;

"(g) Give any judgment and make any order which ought to have been given or made, and make such other and further orders and grant such relief, whether mentioned in the notice of appeal or not, as the case require."

In *Michael* v. *Kircher* (1953), *supra,* at 573, 574, we discussed and passed upon the effect of Court Rule No 77 on the statute in question, and said:

"The circuit judge, in reversing the judgments entered in the common pleas court, relied on the testimony of Sadow as to the extent of his authority as agent for the appealing defendants. The testimony in these cases had been taken at the trial held in the common pleas court, transcribed and returned to the circuit court in accordance with the statute and court rules hereinafter referred to. The circuit judge held that Sadow had neither actual nor apparent authority to enter into these transactions as said appellees' agent, and that his acts did not bind said appellees. In so doing, the circuit judge ignored the findings of fact made by the trial judge in the common pleas court, which were to the contrary.

"The review of the judgments for plaintiffs entered in the common pleas court was based on a transcript of the testimony and proceedings had in

the common pleas court. On such review, the circuit court does not hear the case *de novo.* PA 1929, No 260, § 4 (CL 1948, § 728.4), providing for the review of judgments of the common pleas court by the circuit court, was amended by PA 1949, No 149 (Stat Ann 1951 Cum Supp § 27.3654), and provides as follows:

" 'In all cases in which any of the parties to the litigation feel themselves aggrieved by the judgment, or final order of a judge or judges of the common pleas court, appeal or certiorari shall lie within 20 days of the date of such judgment or order, to the circuit court of said county for review, but not for trial *de novo,* where the case shall be reviewed in the same manner as near as may be, as cases appealed from the circuit court are now reviewed in the Supreme Court. * * *

" 'Transcripts of judgments rendered by the common pleas court may be taken and filed in the same manner and within the same time and with like force and effect as is provided by law.

" 'A reporter or stenographer may be employed in any case upon demand of either party to the case, or on order of the court.'

"See, also, Court Rule No 77, effective September 23, 1949, which defines the practice on appeals to circuit courts from the common pleas court in Detroit, and substantially follows the rules for practice on appeals from circuit courts to this Court. Said Court Rule No 77 is not contradictory of the statute above quoted, as applied to the question now before us. Such appeals are heard in the circuit court on settled records and filing of briefs. They are not heard *de novo.* * * *

"Under the circumstances, the conclusion of the common pleas judge should not have been reversed unless the testimony taken in the common pleas court clearly preponderated in the opposite direction. It does not. The circuit judge erred."

In the case at bar there was no conflicting testimony (none was offered by the defendant). The testimony preponderated in one direction. There was no cross-examination of the plaintiff, who testified as follows:

"As I was coming out of the ladies' lounge I slipped on the step leading from the washroom leading into the rest room connected with the lounge. I had stepped on the floor sill. There was wall-to-wall carpeting in the room to which I was going and when I slipped my heel caught in an open space in the carpeting between the sill of the floor. The wall-to-wall carpeting did not come right up or against the bottom of the floor sill and there was a space there. * * * When I was leaving the washroom and going into the ladies' lounge there was nothing apparent to cause [call?] my attention to anything unusual on this floor sill. When I fell and was lying there my hands were full of some greasy substance that was on the sill. As I was walking through, the gap between the carpeting and the wall was not observable by ordinary observation."

Nor can it now be said that Court Rule No 77 is contrary to the above-quoted statute and consequently must prevail. The statute declares that the review on appeal in the circuit court is not a trial *de novo*. In *Michael* v. *Kircher, supra,* we expressly said that Court Rule No 77 is not contradictory of the statute.

This leads to the actual and controlling issue here for decision—does the evidence adduced to prove the plaintiff's case establish a cause of action, and in that respect does it clearly preponderate in the direction opposite to the findings of the common pleas judge? The essential part of plaintiff's testimony, hereinbefore quoted, has been sufficiently summarized by Justice REID.

Said testimony is here in the record in full.  The circuit judge reviewed the testimony, without a jury. There is no question but that the plaintiff was an invitee in the defendant's theater.  Nor can there be any question as to the duty of the defendant to maintain its premises in a safe condition to prevent injury to the plaintiff.  We have had occasions to decide that question, and also to decide whether the defendant's negligence in failing to maintain the required safe place for an invitee *is a question of fact*.

In *Coleman* v. *Washington Theatre Co.*, 294 Mich 343, the plaintiff, likewise an invitee in a moving picture theater, was injured by a fall claimed to be due to the negligence of the theater owner.  In affirming judgment for the plaintiff after verdict by jury we said (p 345):

"A moving picture theater is a place to which the public is invited, and plaintiff had a right to presume that defendant's picture house was maintained in a reasonably safe condition as to lights, and had a right to pass along the aisle thereof with a reasonable assurance of its being in a safe condition. The fact that the premises were maintained in a somewhat darkened condition might have given added assurance of its being reasonably safe. *Branch* v. *Klatt*, 165 Mich 666.  In *Emery* v. *Midwest Amusement & Realty Co.*, 125 Neb 54, 59 (248 NW 804), the Court said:

"'The proper rule appears to be: "The proprietor of a place of public amusement is required to use ordinary or reasonable care to put and keep the premises, appliances, and amusement devices in a reasonably safe condition for persons attending; and if he fails to perform his duty in this regard, a patron who is injured in consequence thereof is entitled to recover for the injury sustained."'

"The question of whether or not the place where plaintiff fell was properly lighted *was a question for the jury*."  (Italics supplied.)

In *Lane* v. *B & J Theatres, Inc.*, 314 Mich 666, the plaintiff also sued the defendant theater company for damages for personal injury resulting from negligence in maintaining a theater (failure to adequately light an aisle). The trial court granted the defendant's motion for a directed verdict at the conclusion of the plaintiff's proofs. We reversed and remanded for a new trial and in so doing, after citing and discussing several cases, the Court said (pp 671, 677):

"Plaintiff was an invitee and, while defendant was not an insurer of her safety, the duty rested on it, and its employees, to exercise reasonable care for her protection against injury in the theater. * * * Plaintiff on the record before us, *was entitled to have the issues in the case submitted to the jury.*" (Italics supplied.)

Nor was it necessary for the plaintiff, in order to recover damages, to show that the defendant had knowledge of the carpet condition which resulted in her injury. In the *Lane Case, supra* (p 673), the Court quoted with approval from *Branch* v. *Klatt*, 165 Mich 666, 670, 671, as follows:

" 'One would have a right to presume that the defendant had discharged his duty of having the premises in a reasonably safe condition, as to lights and construction; and the ordinary person would naturally suppose that it would be safe to pass along a passageway provided for his exit, with reasonable assurance of its being in a safe condition.' "

And in the *Lane Case, supra* (p 674), the Court also quoted with apparent approval as follows:

" 'The owner of a place of entertainment is charged with an affirmative positive obligation to know that the premises are safe for the public use.' "

Further, in *Hulett* v. *Great Atlantic & Pacific Tea Co.*, 299 Mich 59 (injury caused by slipping on oil on a floor), at pp 66, 67, this Court said:

"It was not necessary for plaintiff to prove defendant had actual or constructive knowledge of the hazardous condition of its floor, as the alleged negligence was the act of defendant in creating this condition. Defendant could not by its own act create a hazardous condition and then demand that plaintiff, who was injured as a result thereof, prove it had knowledge of such condition. Knowledge of the alleged hazardous condition created by defendant itself is inferred."

See, also, *Braman* v. *Stewart,* 145 Mich 548; *Cox* v. *United Detroit Theatres Corporation,* 306 Mich 479.

In the case at bar the circuit judge, in his opinion on the appeal from the common pleas court, discussed at length the facts shown by the transcript of the testimony taken in the common pleas court, substituted his own judgment for that of the common pleas court, and announced his own conclusions on the questions of fact in the face of contrary findings of fact by the common pleas court. In so doing, the judge employed this case as a medium to denounce the unanimous decision of this Court in *Michael* v. *Kircher, supra.*

Repeating what was said in conclusion, in *Michael* v. *Kircher,* "the circuit judge erred."

This Court on 2 occasions since *Michael* v. *Kircher* was decided, has again considered this matter and upheld the conclusions in that decision. It should be noted that in *Cummins* v. *John Hancock Mutual Life Ins. Co.,* 337 Mich 629, there was conflicting testimony in the common pleas court, as a result of which we found that the evidence clearly preponderated against the finding and judgment of the common pleas court. That is not the situation in the instant case.

Also, in *Kellar* v. *United Metal Products Co.,* 338 Mich 651, we again reaffirmed our decision in *Michael*

v. *Kircher, supra,* after quoting at length from that decision. In affirming a judgment for the plaintiff entered in the common pleas court, we held (syllabus):

"The circuit court reviews judgment entered in the common pleas court on a transcript of the testimony and proceedings had in the common pleas court and does not hear the case *de novo;* the review being in the same manner, as near as may be, as cases appealed from the circuit court are presently reviewed by the Supreme Court (CL 1948, § 728.4, as amended by PA 1949, No 149; Court Rule No 77, effective in 1949)."

The testimony taken in the common pleas court appears here in the printed record, certified to by the circuit judge, together with appellant's statement of the reasons and grounds of appeal from the circuit court to this Court. Said record further shows that a judgment of no cause for action was entered in favor of the defendant in the circuit court. The appeal here was taken by the plaintiff from that judgment.

An order should be entered in this Court setting aside the judgment of no cause for action entered in the circuit court, affirming the judgment of the common pleas court which was in favor of the plaintiff for $800 and costs of that court, and directing the circuit court to remand the same to the common pleas court for enforcement thereof.

Plaintiff may tax costs of the circuit court and of this appeal.

Reversed and remanded.

Dethmers, C. J., and Smith, Kelly, and Black, JJ., concurred with Boyles, J.