43 F.3d 1471
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Rebecca BAKER, a legally incapacitated person, by William J.
BAKER, JR., Guardian, and William J. Baker, Sr.,
Plaintiffs-Appellants,
v.
SEARS, ROEBUCK AND COMPANY, Defendant-Appellee.
 No. 93-1084.
 United States Court of Appeals, Sixth Circuit.
 Oct. 20, 1994.
 
 Before: KEITH, NORRIS and BATCHELDER, Circuit Judges.
 OPINION
 ALAN E. NORRIS, Circuit Judge.
 
 
 1
 Plaintiffs Rebecca Baker ("Baker") and her husband, William J. Baker, Sr., appeal from an order of the district court granting summary judgment to defendant, Sears, Roebuck and Company, on various claims filed as a result of personal injuries suffered by Baker when she fell down a staircase at defendant's store. We affirm.
 
 
 2
 Within minutes of the store's opening on the morning of January 5, 1991, Baker, then forty-two years of age, and a friend, Nancy Craig, entered and travelled by escalator to the second floor in order to make a payment on Craig's account. That was accomplished quickly, and the two women decided to use the stairs to return to the first floor. The stairway consisted of two flights of stairs separated by a landing approximately midway between the floors.
 
 
 3
 Craig was concerned that the stairs would be wet because it had been snowing that morning. Approaching the stairs, she noticed water on the steps and warned Baker of its presence. After advising Baker to be careful, Craig proceeded down the stairs, "one step at a time," with Baker following. The two made it down the first flight of stairs but, after beginning down the second flight, Baker fell and tumbled down the stairs past Craig, who did not see what caused Baker to fall. She sustained a head injury and can remember nothing of the incident.
 
 
 4
 Baker filed suit against Sears in state court alleging numerous tort theories. Defendant removed the suit on diversity grounds, and moved for summary judgment. The district court concluded that Baker had pleaded three different theories of negligence: defective design of the staircase (dangerous pitch and slippery materials); negligent maintenance of the staircase (allowing water to remain); and failure to warn of defective and hazardous conditions. While defendant argued that the existence of water on the staircase was an open and obvious danger, the district court found it unnecessary to address this issue due to Baker's failure to produce any evidence that defendant had notice of the existence of water on the stairs. See Oppenheim v. Pitcairn, 293 Mich. 475, 477, 292 N.W. 374 (1940) (charge of negligent failure to maintain premises in reasonably safe condition requires proof that unsafe condition was known to the one on whom the duty rested, or that the character of the danger such that reasonably prudent incumbent should have knowledge).
 
 
 5
 In its motion for summary judgment, defendant argued that there was an absence of notice, but Baker failed to respond. Indeed, the only summary judgment evidence going to notice was provided by defendant, and it supported the contention that there was no such notice.[1] Therefore, the court granted summary judgment to defendant on Baker's negligence and failure to warn claims insofar as they involved the existence of water on the staircase.
 
 
 6
 The district court also granted summary judgment on Baker's defective design and the related failure to warn claims. As defendant noted, Baker's position seemed to shift here to a theory that if she did not slip on a wet step, then she must have slipped on a defectively designed dry one. Defendant maintained that Baker had failed to offer any evidence concerning how she fell and was, therefore, unable to prove that the design of the staircase was the proximate cause of her injuries.[2] Since Baker could remember nothing about the fall, and Craig did not witness the fall, Baker's counsel conceded that "[t]here is no way to verify what plaintiff saw or actually slipped on." In view of this predicament, Baker's counsel sought to use the testimony of an expert witness to establish the existence of a defect in the design of the stairway, and then pointed to the possibility that the defect caused her fall.
 
 
 7
 Baker's reliance upon the expert's testimony is misplaced for several reasons. First, "expert opinion based upon only hypothetical situations is not enough to demonstrate a legitimate causal connection between a defect and injury ... [because] 'there must be facts in evidence to support the opinion testimony of an expert.' " Skinner v. Square D Co., 445 Mich. 153, 173, 516 N.W.2d 475 (1994) (citations omitted).
 
 
 8
 Second, while it is possible that the condition of the staircase cited by Baker's expert as being defective could have caused the fall, by the same token, there are other possibilities. For example, it is possible that Baker merely stumbled, or, as she previously alleged, that she slipped on water on the staircase. Courts deal in probabilities, not possibilities. A plaintiff's proof "must facilitate reasonable inferences of causation, not mere speculation." Id. at 164. When more than one possible explanation for an accident exists, a plaintiff must present facts from which a jury could infer that one theory is more likely than not the actual cause in fact. Id.
 
 
 9
 Baker's counsel also attempted to avoid summary judgment by asserting that Baker's sister "will testify that [Baker] told her ... that she slipped while stepping on a dry area of the step." The court properly rejected this proffer of testimony as insufficient to defeat a properly supported motion for summary judgment because it "failed to go beyond the pleadings," and was inadmissible hearsay. Other than this proffer, Baker has provided no evidence to show that the alleged defect caused the fall.[3] Accordingly, because "causation theories that are mere possibilities or, at most, equally as probable as other theories do not justify denying defendant's motion for summary judgment," id. at 172-73, the district court properly granted summary judgment.
 
 
 10
 The district court's orders granting summary judgment to defendant on all claims are affirmed.
 
 
 
 [1]
 Defendant presented the deposition testimony of one of its employees that he had used the stairs ten or fifteen minutes before the accident, and inspected them about two minutes before the accident, and that at neither time did he see water on the stairs
 
 
 [2]
 Defendant conceded, for the purposes of this argument, the issues of duty, breach, and damages
 
 
 [3]
 Baker also attempted to rely upon a presumption found in Michigan law, as stated in a Michigan jury instruction, which permits a jury to presume that a plaintiff who has no recall of her accident was not contributorily negligent. Mich. SJI2d 10.09. However, the district court properly rejected this argument as insufficient to defeat defendant's motion. A presumption that Baker was not negligent does not tend to prove that the alleged defect was more likely than not the cause of the fall, since other causal possibilities remain